Richard W. Frey and Lucile Frey, Appellants, v. Louis Schaab and Richard D. Pollard, Justice of the Peace, Appellees.

Gen. No. 9,793.

Heard in this court at the January term, 1942. Opinion filed September 3, 1942.

EAGLE & EAGLE, of Rock Island, for appellants.

STAFFORD & SCHOEDE, of Rock Island, for appellee.

MR. PRESIDING JUSTICE HUFFMAN delivered the opinion of the court.

This case comes to this court by transfer from the Supreme Court. The nature of the case, the pleadings, the decree appealed from, and the errors assigned, are fully set out in the opinion of the Supreme Court (*Frey v. Schaab,* 379 Ill. 315).

Each error assigned by appellants, in the final analysis, is based upon the question whether the complaint and amended complaint stated a cause for equitable relief. Appellants by the last error assigned, complain of the action of the trial court in denying them leave to file an amended complaint. Motion had previously been granted to dismiss the original complaint for failure to show grounds for equitable relief. The amended complaint was attached to the motion for leave to file same, and is precisely as the original complaint, except that two paragraphs thereof are amplified by certain additional allegations of evidentiary matters.

Courts of equity are liberal in allowing amendments, to the end that justice may be done, however, the allowance thereof is largely within the discretion of the trial court, and a court of review will not reverse for a refusal to allow an amendment unless a manifest abuse of such discretion is shown. *County of Winnebago v. Cannell,* 376 Ill. 277, 282; *Walker v. Struthers,* 273 Ill. 387, 391, 392; *Trustees of Schools v. Otis,* 85 Ill. 179. When the complaint, in substance, fails to show that plaintiff has a cause for equitable relief, it is not error to dismiss it, especially after one motion to dismiss has been sustained, and the plaintiff has had an opportunity to obviate or avoid, the objections by his amended complaint. *Foss v. People's Gas Light & Coke Co.,* 241 Ill. 238, 251.

The relief sought by appellants, is in the nature of a specific performance of an alleged contract with appellee arising by way of letter and oral promises, by having a trustee appointed to take and hold appellee's real and personal property; that he be declared to have a life estate only therein; and that appellants be decreed the owners in fee thereof, as remaindermen. Under the following authorities, we are of the opinion, the complaint failed to present a sufficient cause for such relief. *Faulkner v. Black,* 378 Ill. 112; *Holsz v. Stephen,* 362 Ill. 527; *Rath v. Degener,* 352 Ill. 135; *Yager v. Lyon,* 337 Ill. 271; *Flannery v. Woolverton,* 329 Ill. 424; *Lonergan v. Daily,* 266 Ill. 189.

The decree of the trial court is affirmed.

*Decree affirmed.*