## Clara Boeker Satorius, Appellant, v. Russell Boeker, Appellee.

### Gen. No. 9,510.

Opinion filed February 24, 1947.  Released for publication .March 24, 1947.

THOMAS P. REEP, of Petersburg and PUTTING & PUTTING, of Springfield, for appellant.

EDWARD H. GOLDEN and JEFFERSON LEWIS, both of Petersburg, for appellee.

MR. PRESIDING JUSTICE DADY delivered the opinion of the court.

The plaintiff appellant appeals from a judgment of the circuit court in favor of the defendant in an action of forcible entry and detainer brought by the plaintiff to recover possession of 160 acres of farm land.

The complaint as finally amended alleged that plaintiff was entitled to possession of the premises and that the defendant was in possession and unlawfully withholding possession after demand in writing.  The answer, as finally amended, admitted that the defendant was in possession, but denied that the plaintiff was entitled to possession.  As an affirmative defense it alleged that during the life of John C. Boeker the defendant went into possession of said real estate as a tenant of John C. Boeker (the then owner) from year to year, that he had received no legal notice of the termination of his year to year tenancy, that the plaintiff had received and accepted her landlord's share of the crop rents for the crop year from March 1, 1945, to March 1, 1946, and that the plaintiff was therefore

estopped from denying the lawful possession of the defendant.

John C. Boeker died on June 18, 1944, while the owner of such farm. By his will he devised to the plaintiff such farm for the term of her natural life.

At the time of the death of John C. Boeker the defendant was in possession of said premises under a crop year lease for the year beginning March 1, 1944. Evidently the lease was an oral lease between John C. Boeker, as lessor, and defendant as lessee. Whether oral or written we consider immaterial. By such lease the landlord and tenant were each to pay for one half of the seed used on the premises during such crop year, the tenant was to furnish the labor, and the proceeds of the sale of the crops were to be divided ''50–50.'' After the death of John C. Boeker the plaintiff duly received her share of the proceeds of the sale of the crops for such crop year 1944–45.

In December 1944, the plaintiff mailed to the defendant and the defendant received a written notice signed by the plaintiff in which she notified the defendant that his tenancy and right of possession would end on March 1, 1945, and in which notice she demanded possession of the premises on March 1, 1945.

The defendant continued in possession after March 1, 1945, and was in such possession at the time this case was tried and judgment entered in February 1946. On April 6, 1945, the plaintiff caused to be served on the defendant a written demand for the immediate possession of said premises. On April 9, 1945, the plaintiff commenced this suit.

The undisputed facts, largely proved through the testimony of the plaintiff called by the defendant as an adverse witness, are that the crops grown by the defendant on said premises during the year 1945–46, consisting mainly of soy beans and corn, were delivered by the defendant to two grain elevators in the

neighborhood and sold through such grain elevators, and one half of the proceeds of sale was placed to the credit of the plaintiff and the other one half to the credit of the defendant. From such proceeds the plaintiff, about November 10, 1945, received from one grain elevator a check for $467.92 and another check for $1,063.34, and about January 2, 1946, received from the other grain elevator a check for $196.25, each of which checks the plaintiff kept and in due course cashed.

The defendant contends that by accepting such rent the plaintiff in effect waived her notice to quit and demand for possession and in effect elected to treat the defendant as a tenant from year to year for the crop year beginning March 1, 1945. We agree with this contention of the defendant.

While courts of the country are not in accord on the question whether acceptance by the landlord of rent accruing subsequent to the expiration of the notice to quit constitutes a revocation or waiver of the notice to quit, the great weight of authority holds that it does constitute a waiver. (32 *Amer. Juris*, p. 843, par. 1004.) The Illinois decisions hold that acceptance of rent, as in the present case, constitutes a waiver of notice to terminate and demand for possession, and in effect amounts to an election by the landlord to treat the tenancy as one from year to year on the terms of the original lease. (See *Bernstein v. Weinstein*, 220 Ill. App. 292; *Lehmann v. City of Chicago*, 203 Ill. App. 414; *Eppstein v. Kuhn*, 225 Ill. 115.)

Plaintiff raises a question of pleading. In the first answer filed by defendant, which was sworn to by him, after denying that the plaintiff was entitled to possession, the defendant stated he was in possession by virtue of a written lease executed by John C. Boeker and himself on July 17, 1943, for the period of three years beginning March 1, 1944, a copy of which al-

leged lease was attached to and filed with the answer. By motion the plaintiff questioned the genuineness of such alleged lease and obtained an order on the defendant to produce the same for inspection. Thereupon the defendant produced such alleged lease, and the plaintiff filed her sworn replication in which she stated that such alleged lease was not the act or deed of John C. Boeker.

The case was tried before the court without a jury. At the conclusion of the evidence the plaintiff was allowed to amend her replication by adding the statement that she denied that the defendant was a tenant from year to year or a tenant by reason of any lease. Thereupon, on February 4, 1946, the defendant was allowed to file an amendment to his answer in which he stated that on March 1, 1944, he went into possession as a tenant from year to year. On February 6, 1946, after hearing further evidence, on defendant's motion there was stricken from his answer the allegation that he was in possession by virtue of a written lease.

On the trial the defendant did not offer any evidence as to any alleged written lease, but relied on proof as to an oral lease.

While such conduct of the defendant in thus filing such inconsistent sworn pleadings, without first showing or pleading any excuse or justification for the inconsistency, is not approved, the allowance of the amendment to meet the proofs, we believe, was within the sound discretion of the trial court, and we feel we cannot say there was any abuse of such discretion. (See *Frey v. Schaab*, 315 Ill. App. 668; *McGlaughlin v. Pickerel*, 381 Ill. 574.)

The judgment of the trial court is affirmed.

*Affirmed.*