**Harold Arendt, Plaintiff-Appellee, v. Bennie McClerren, Defendant-Appellant.**

**Gen. No. 66–40M.**

Fifth District.

September 10, 1966.

Joseph W. Hickman, of Benton, for appellant.

Frank E. Trobaugh and Stephen E. Brondos, of West Frankfort, for appellee.

GOLDENHERSH, P. J.

Defendant appeals from the judgment of the Circuit Court of Franklin County. The cause was heard by the trial court without a jury, and the appeal is governed by the provisions of Supreme Court Rule 36–1. The amount of the judgment from which defendant appeals is $750.

The complaint alleges that plaintiff purchased a quarter horse owned by defendant for the sum of $750. Plaintiff alleges that the horse was purchased through Harold Baker, whom he describes as defendant's agent, that the horse was not as warranted, that he advised defendant that the horse was crippled, that with defendant's approval he obtained treatment for the horse by a

veterinarian, that the horse did not respond to treatment and that he and defendant agreed that the horse should be returned to defendant, and plaintiff's money refunded. The complaint was verified, and in a verified answer defendant admits Baker was his agent, denies the allegations of warranty, denies the horse was crippled, admits the horse was returned, and admits further that plaintiff would be entitled to some refund, but not $750.

The evidence as to the horse's condition at the time he came into plaintiff's possession, and at the time of his being returned to defendant, is conflicting. Defendant admitted that he had told plaintiff to return the horse and he would refund all but $100 of the purchase price, and testified that the horse was in such poor condition when returned, that only after considerable care and treatment was he able to sell the horse for $250.

Defendant's principal contention on appeal is that the trial court erroneously refused to permit him to amend his answer and deny that Baker was his agent. The motion for leave to amend the answer was made during the presentation of defendant's evidence, and was renewed at the close of the defendant's case. The court denied the motion and in an opinion and memorandum states that the admission of agency in defendant's answer is conclusive upon defendant, and any evidence tending to dispute the fact thus admitted should not be considered, and for that reason "the contention of the defendant that the pleading can be amended to conform to the proof has no application."

■ The trial court is in error in concluding that the answer cannot be amended. Such amendment is permissible under the provisions of the Civil Practice Act, and the motion for leave to amend is addressed to the sound discretion of the court. Satorius v. Boeker, 330 Ill App2d 512, 71 NE2d 851; Martin v. Kozjak, 5 Ill App2d 390, 125 NE2d 690.

281

■ This court is unable to determine whether, absent the ruling that defendant's answer constituted a judicial admission and could not be amended, the court would hold that Baker was defendant's agent, or whether any other finding of fact was affected by the ruling. Justice requires that the trial court reconsider the case in the light of his having the power, in his discretion, to permit the amendment.

■ ■ It does not follow, however, that a new trial must be granted. C 110, § 92(e), Ill Rev Stats 1965, provides that a reviewing court may make any order or grant any relief, including a remandment, that the case may require. Upon remand, if, in the exercise of his discretion, the trial court were to deny the motion for leave to amend the answer, a new judgment for plaintiff can be entered, based on the evidence already adduced. If the trial court permits the amendment, plaintiff should be given an opportunity to offer additional evidence on the issue of agency, if he desires so to do. The trial court can then make findings and enter an appropriate judgment. In either event, it will not be necessary to burden the court and the litigants with the expenditure of time and money incident to a complete new trial.

For the reasons herein stated, the cause is remanded to the Circuit Court of Franklin County for further proceedings consistent with this opinion.

Cause remanded with directions.

MORAN and EBERSPACHER, JJ., concur.