Patsy Ann Barnett Davis, Plaintiff-Appellee, v. Gloria Neff Oettle, d/b/a Friendly Tavern, Defendant-Appellant. Frank Emery and Floyd Hauhe, d/b/a Floyd Hauhe Auto Company, Defendants.

Gen. No. 63–F–22.

Fourth District.

September 26, 1963.

Rehearing denied October 24, 1963.

Horace Calvo, of Granite City, and Mullin, Rosenbloom and Zun, of Chicago (Gerald B. Mullin, Alvin E. Rosenbloom and Horace Calvo, of counsel), for appellant.

Wiseman and Hallett, of Alton, for appellee.

CULBERTSON, PJ.

This is an appeal from the City Court of Alton, Illinois. The action originated as the result of an automobile accident resulting in personal injuries to Appellee, hereinafter called plaintiff, Patsy Ann Barnett Davis, by reason of a collision with a vehicle operated by defendant, Frank Embery. Plaintiff's complaint alleged that Frank Emery was guilty of negligence and

was also intoxicated at the time of the accident and by reason thereof, claimed damages as against Frank Emery, individually, and also as against the defendant appellant, Gloria Neff Oettle, d/b/a Friendly Tavern. A third cause of action was asserted against defendant, Floyd Hauhe, d/b/a Floyd Hauhe Auto Company, predicated on the theory that there were certain defects in the motor vehicle which were causative factors of the accident and the injury. The complaint in the dram shop cause of action asserted that Emery became intoxicated from the purchase of beer from defendant, Gloria Neff Oettle, and asserted that the intoxication was the causative factor in the accident. Plaintiff was severely injured, disfigured, and lost her right eye. As the result of the trial by jury as against all three defendants on the counts referred to, the jury found defendant Frank Emery guilty and assessed damages as against him in the sum of $65,000 and costs. He does not appeal from that judgment. A second verdict found in favor of Floyd Hauhe, d/b/a Floyd Hauhe Auto Company and as against the plaintiff. A third verdict which involved Gloria Neff Oettle, d/b/a Friendly Tavern, found in her favor and as against the plaintiff.

A motion for judgment notwithstanding the verdict was made on behalf of plaintiff in the matter of the verdict in favor of defendant, Gloria Neff Oettle, and the Trial Court, after allowing the judgment notwithstanding the verdict, directed the cause to be set for hearing before a jury on the question of damages. An alternative motion for a new trial was filed at the time of the filing of the motion for judgment notwithstanding verdict, but for some reason, the Trial Court took no action on the alternative motion until after appellant had filed notice of appeal from the judgment notwithstanding the verdict, on July 27, 1962. On September 6, 1962, the Trial Court, apparently attempting to rectify the omission to rule upon the alternative

motion for new trial, entered an additional order conditionally allowing plaintiff's alternative motion for a new trial in case the judgment notwithstanding the verdict should be set aside, reversed, or modified. It is contended that such action came after the filing of the notice of appeal and after the Trial Court had lost jurisdiction of the cause before it.

In the trial there was specific evidence showing that defendant, Frank Emery, on the afternoon of July 30, 1960, after he had purchased a new automobile, drove to the tavern of the defendant, Gloria Neff Oettle, and drank some beer. He stated that he had only one beer and was not intoxicated at that time. The fact that he consumed some beer was corroborated by other witnesses. Emery left the tavern and drove a distance of some twenty-five miles, although he testified to having some difficulty with the car and was uncertain as to the cause of the accident, the facts showed that he ran his vehicle into the wrong lane of traffic and collided headon with the vehicle in which the plaintiff was riding as a passenger. A number of witnesses testified that immediately following the accident they observed Frank Emery and he was apparently intoxicated. These witnesses included a Doctor who treated Emery for his injuries at the hospital. There was no evidence to the effect that Emery was not intoxicated.

On appeal in this Court it is contended by defendant, Gloria Neff Oettle, d/b/a Friendly Tavern, defendant-appellant, that the evidence in the record, taken as a whole, was adequate to support the verdict of the jury in behalf of such defendant. It is contended the testimony of several witnesses that Emery, at the tavern, drank one bottle of beer or only a part of a bottle of beer; that he drove his automobile for twenty-five miles without mishap before the accident; and that he seemed to be having some trouble with the vehicle; was sufficient to support the verdict of the jury in her favor on the count predicated on the Dram

151

Shop Act of this State. As a consequence, it is contended that the Trial Court was without authority to disturb the verdict of the jury under such circumstances.

While we are cognizant of the fact and adhere consistently to the principle that a motion for judgment notwithstanding the verdict should be denied if defendant's evidence makes out a prima facie defense (Hadden v. Fifer, 339 Ill App 287, 89 NE2d 854), we cannot agree with the contention of appellant that such prima facie defense was made out in the instant case. The record shows that several witnesses testified as to the intoxication of defendant, Frank Emery; that defendant had no recollection of the conversation or events until the next morning; and that the witnesses who arrived at the scene of the accident, and the doctor who treated defendant at the hospital; specifically testified that he was intoxicated at the time. There was no evidence that Frank Emery did not make a purchase of beer and drink it at the defendant Oettle's tavern, and there was no evidence to contradict the affirmative evidence that he was intoxicated at the scene of the accident and for a long time after the accident.

Under the circumstances we must therefore conclude that the Trial Court was correct in allowing the plaintiff's motion for judgment notwithstanding the verdict of the jury (Tennes v. Tennes, 320 Ill App 19, 50 NE2d 132; Osborn v. Leuffgen, 381 Ill 295, 45 NE2d 622). There was no evidence in the record which tended to prove an affirmative defense to the cause of action under the Dram Shop Act, and this cause will, therefore, be affirmed and remanded to the City Court of Alton, Illinois, for further proceedings in accordance with the views expressed in this opinion. We find it unnecessary to rule on matters raised by mo-

tions taken with the case, in view of the determination of this cause.

Affirmed and remanded to the City Court of Alton, Illinois.

SCHEINEMAN and HOFFMAN, JJ, concur.