**Leola Bell, Plaintiff-Appellant, v. Willoughby Tower Building Corporation, Defendant-Appellee.**

Gen. No. 49,019.

First District, Third Division.

January 30, 1964.

Masters, Sands & Schwaba, of Chicago (Joseph R. Schwaba, of counsel), for appellant.

Ross, Kralovec & Sweeney, of Chicago, for appellee.

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from the judgment of the trial court entered on a directed verdict for defendant at the close of plaintiff's evidence in a personal injury case.

Leola Bell, 79 years of age, accompanied by her daughter, had visited a doctor in defendant's building. On the way out, the daughter entered one compartment of a four compartment revolving door. Plaintiff entered the compartment immediately to her daughter's rear. As the daughter reached the sidewalk and stepped from the door, she noticed the door speed up, turned around and saw her mother lying on the sidewalk behind her, with one foot caught between the flange of the door and the side edge of the well housing the door. Plaintiff testified that as she was in the compartment and was about to step out, the door speeded up away from her and the rear compartment door struck her in the leg, causing her to fall. She noticed a young man "in a big hurry" rush out of the compartment behind the one she occupied. The young man was not identified, and he left after helping plaintiff to a seat in the lobby of the building.

A municipal ordinance of the City of Chicago requires that revolving doors in residential, business and mercantile buildings constitute not more than fifty percent of the required outside exits. The Municipal Code of Chicago, Sec 67–9.3. A violation of a municipal ordinance enacted as a public safety mea-

sure is prima facie evidence of negligence, and a party injured has a cause of action if the injury has a direct and proximate connection with the violation. Dini v. Naiditch, 20 Ill2d 406, 170 NE2d 881; Ney v. Yellow Cab Co., 2 Ill2d 74, 117 NE2d 74. There can be no doubt that this ordinance is a public safety measure. Its obvious purpose is to facilitate the rapid exit of people in case of fire and to offer an alternative exit to the aged and the infirm and to small children who may be endangered by the use of revolving doors.

Defendant argues that there was no showing that other entrances to the building did not have doors as required by the ordinance. The rule is that on a directed verdict the case must go to the jury if there was sufficient evidence, taken in the light most favorable to the plaintiff and with all reasonable inferences in her favor, to sustain a verdict. Plaintiff's daughter testified that on a previous visit to the defendant's building two weeks before the accident, they had looked for other doors to get in and out of the building, but she remembered that the building had none. This examination was necessary because plaintiff and her daughter had not been in defendant's building in eight years. We are of the opinion that this was sufficient evidence to send the case to the jury on that question.

Defendant also argues that there was no showing of any causal relationship between the violation of the municipal ordinance and the injury to plaintiff, and that the sole cause of the accident was the unidentified young man who entered the revolving door behind plaintiff and presumably speeded it up so that plaintiff could not get out in time. Plaintiff's daughter testified that if swinging, rather than revolving, doors had been available, they would have used them, pre-

47

sumably because of plaintiff's age. The negligence in this case is predicated principally on the absence of swinging doors.

Defendant also argues that the actions of the unidentified young man acted as an outside intervening force which vitiated any causal relationship between violation of the ordinance and the injury to plaintiff. The intervention of independent, concurrent or intervening forces will not break the causal connection if the intervention of such forces was itself probable or foreseeable. Johnston v. City of East Moline, 405 Ill 460, 91 NE2d 401; Ney v. Yellow Cab Co., supra; Ostergard v. Frisch, 333 Ill App 359, 77 NE2d 537; Hansen v. Henrici's, Inc., 319 Ill App 458, 49 NE2d 737. The fact that the actions of the young man were also a proximate cause of plaintiff's injury is immaterial. There was sufficient evidence to send the case to the jury. We find no evidence in the record to support the other charges alleged in the complaint.

The judgment is reversed and the cause is remanded with directions to set aside the judgment and to allow the motion for new trial, and for such other and further proceedings as are not inconsistent with the views herein expressed.

Judgment reversed and cause remanded with directions.

DEMPSEY and SULLIVAN, JJ., concur.