Martha Gauchas and John Russell, Jr., a Minor, by His Father and Next Friend, John Russell, Plaintiffs-Appellants, v. Chicago Transit Authority, a Municipal Corporation, Defendant-Appellee.

Gen. No. 50,016.

First District, Third Division.

April 1, 1965.

Kavathas & Castanes, of Chicago (John C. Castanes, of counsel), for appellants.

William J. Lynch, William S. Allen, Norman J. Barry, and James E. Hastings, all of Chicago, for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

This appeal is taken by the plaintiffs from a directed verdict for the defendant in a personal injury

action against the Chicago Transit Authority. The plaintiff, Martha Gauchas, and her four-year-old grandson were injured when they were struck by a motor-bike at the corner of Irving Park Road and Leavitt Street in Chicago. The rider of the motor-bike fled the scene and has remained unidentified. The plaintiffs' complaint charged that the negligent conduct of one of the defendant's bus drivers was the proximate cause of their injuries.

Two conflicting versions of what took place were put before the jury. Mrs. Gauchas testified that she left her home with her grandson and walked to the bus stop at the northeast corner of Irving Park and Leavitt. A westbound bus approached, but instead of pulling in to the north curb stopped about ten feet from the curb, and the driver, opening the doors, motioned to the plaintiff to come out there. She looked to her left to see if there was any oncoming traffic, then stepped off the curb holding her grandson's left hand. Six or seven feet from the curb they were struck by a westbound motor-bike which cut around from the rear of the bus and attempted to pass it on the right. The plaintiff said she saw the motor-bike when it was on top of them and that she remembered nothing after she was struck except that someone took them to the hospital.

The plaintiffs' witness, George Jukish, testified that he had parked his car on the north side of Irving Park, just east of the bus-stop sign and had waited in the street for the bus to pass before starting to cross to the south. He also saw the motor-bike behind the bus, waited for it to pass, saw it go to the right of the bus, and heard a scream as the plaintiffs were struck. He did not actually see them struck because he had started across the street after the motor-bike went by and he was looking south at the time. When he heard the scream he turned toward the corner and saw

398

the woman and the boy lying in the street. According to him the bus stopped in the center lane with its front at the west line of the east crosswalk.

The bus driver was the defendant's only occurrence witness. He testified that the bus-stop at the corner of Irving Park and Leavitt was about 80 feet in length and that the bus which he was driving was half that length, but that an automobile, which he estimated to be 12 feet in length was parked in the middle of the bus-stop. As he approached the intersection at 5 miles per hour he observed a lady and a little boy standing in the street three feet south of the north curb, near the crosswalk. He said that as he was preparing to pull in to the curb to pick up the two passengers he heard the motor-bike at his right side, saw it flash past him at a high rate of speed and saw it strike the woman and child. He said he was 30 feet away when this happened, that he stopped the bus 25 feet east of them and alighted to offer what assistance he could. The boy who was driving the bike also fell, but he got up, got on the bike and took off. The driver was not asked and hence did not deny, on either direct or cross-examination, whether he had opened the door or that he had in any way motioned to the plaintiffs that they should come over to the bus.

The defendant's motion for a directed verdict was granted because of certain answers given by Mrs. Gauchas to questions asked of her on cross-examination. It is argued that these answers constitute a judicial admission which preclude the plaintiffs from benefiting from the other testimony in the case. The argument concludes that without Mrs. Gauchas' testimony there is no evidence of liability on the part of the Transit Authority.

The pertinent portion of the cross-examination was as follows:

399

"Q. Did you see the motor scooter before the bus stopped?
A. No.
Q. Did you see the motor scooter—
A. (Continuing) If it was—
MR. CASTANES [attorney for the plaintiff]: No. Just answer his question.
MR. BARRY [attorney for the defendant]: Did you see the motor scooter after the bus stopped?

. . . . . .

MR. BARRY: Did you ever see the motor scooter before it hit you?
THE WITNESS: I don't know. I had—when it was my head hurt, I forgot everything.
Q. You forgot everything when you hurt your head?
A. Yes.
Q. Do you remember anything about the accident Mrs. Gauchas?
A. Well, I don't.
MR. BARRY: I have no other questions."

The answers in response to the questions as to whether she forgot everything and whether she remembered anything about the accident make up the purported admission.

 If a party testifies deliberately to a concrete fact which is within his peculiar knowledge, not a matter of speculation, inference or opinion, but as a considered circumstance of the case, his opponent is entitled to hold him to it as an informal judicial admission. McCormack v. Haan, 23 Ill App2d 87, 161 NE2d 599; Huber v. Black & White Cab Co., 18 Ill App 2d 186, 151 NE2d 641; Tennes v. Tennes, 320 Ill App 19, 50 NE2d 132. The admission of material facts which are contrary to the party's position in the case,

in the absence of some redemptive explanation, may constitute a surrender of the position, for a party is usually bound by his own testimony. The rule is flexible (IX Wigmore on Evidence (3rd Ed) sec 2594a) and, as this court said in Hurley v. Phillips, 54 Ill App2d 386, 203 NE2d 431, what does or does not constitute a judicial admission is a matter of case by case consideration. Before a statement can be held to be a judicial admission it must be given a meaning consistent with the context in which it is found and it must be considered in relation to the other testimony and evidence presented. In McCormack v. Haan, 20 Ill2d 75, 169 NE2d 239, it was held that a statement alleged to be a judicial admission was not such an admission and the court went on to say:

> "Of course a party may, by his own testimony, conclusively bar his claim or his defense. But a determination that he has done so depends upon an evaluation of all of his testimony, and not just a part of it. It depends, too, upon an appraisal of his testimony in the light of the testimony of the other witnesses and a consideration of their respective opportunities to observe the facts about which they testify."

■■ Viewing the instant case in the light of these considerations, it becomes clear that the answers made by Mrs. Gauchas cannot be taken to mean that she remembered nothing whatsoever concerning the accident which lead to her injuries. To interpret it thus would be to take it out of context and impute to it a meaning which would make her testimony on direct examination entirely untruthful; it would be evaluating just a part of her testimony, and not all of it. She had just finished testifying on direct examination and had given a description of the occurrence. It is obvious

that she did in fact remember what had taken place up to the time she was knocked to the pavement; and she also had said in her direct testimony that she remembered virtually nothing that transpired after the time she was struck. On cross-examination the defendant's attorney asked her if she forgot everything when she hurt her head and she answered in the affirmative. He then asked if she remembered anything about the accident and she said that she did not. Whether a party remembers or does not remember is certainly a matter within her own peculiar knowledge, but it is doubtful whether Mrs. Gauchas understood the questions. In view of all her testimony her answers should be interpreted as meaning that she did not recall anything after she struck her head, that is, anything after the occurrence in question, but that she did recall the events leading up to that occurrence. Her answers do not constitute a judicial admission.

With her full testimony remaining in the case it is self-evident that the motion for a directed verdict should have been denied. Snyder v. Robert A. Black, Inc., 53 Ill App2d 327, 203 NE2d 1; Lutz v. Chicago Transit Authority, 36 Ill App2d 79, 183 NE2d 579.

██ The complaint charged the defendant with a breach of its common law duty and a violation of sec 139, par (c), c 27 of the Municipal Code of Chicago, 1950, (presently sec 276(c)) which provides:

"The driver of a bus shall enter a bus stop or passenger loading zone on a public street in such a manner that the bus when stopped to load or unload passengers shall be in a position with the right front wheel of such bus not further than eighteen inches from the curb and the bus approximately parallel to the curb so as not to unduly impede the movement of other vehicular traffic."

A violation of an ordinance enacted as a public safety measure is prima facie evidence of negligence and creates a cause of action if it is the proximate cause of the injury. Kapka v. Urbaszewski, 47 Ill App2d 321, 198 NE2d 569; Bell v. Willoughby Tower Bldg. Corp., 46 Ill App2d 45, 196 NE2d 487. The evidence in behalf of the plaintiffs was that the bus driver did not comply with the ordinance in that he opened the door and waved for the plaintiffs to come in while the bus was ten feet or so from the curb. This evidence was sufficient to take the case to the jury. It was for the jury to decide whether the defendant was negligent, whether the ordinance was violated and, if so, whether either the negligence or the violation of the ordinance was the proximate cause of the plaintiffs' injuries. It was a question for the jury whether, under the evidence, the intervention of another vehicle between the bus and the curb with injuries resulting to the plaintiffs was probable or could have been reasonably anticipated by the defendant.

The judgment of the Circuit Court will be reversed and the cause remanded for trial.

Reversed and remanded.

SULLIVAN and SCHWARTZ, JJ., concur.