**Delima Vincent, Plaintiff-Appellant, v. Casmir W. Wesolowski, Defendant-Appellee.**

**Gen. No. 51,788.**

First District, Third Division.

October 13, 1967.

Samuel E. and Bruce Bublick, of Chicago, and Crowley, Sprecher, Barrett & Karaba, of Chicago (Robert A. Sprecher, of counsel), for appellant.

Vaccarello, Harrington and Petrucelli, of Chicago (Mel E. C. Perretti, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

In this personal injury action the plaintiff appeals from a judgment entered upon a jury finding for the defendant. The principal issues are whether: (1) certain statements in the defendant's pretrial deposition were judicial admissions which required the trial court to direct a verdict for the plaintiff or to enter judgment n. o. v. for her, (2) the verdict was against the manifest weight of the evidence, (3) the trial court erred in instructing the jury and (4) the court erred in limiting the closing argument of the plaintiff's attorney.

On June 6, 1964, the plaintiff, Delima Vincent, was riding in the rear seat of an automobile driven by her sister, Alma Mueller. The vehicle was headed north on Colfax Avenue and Mrs. Mueller intended to turn left on 95th Street. She testified that: Colfax has two lanes for northbound traffic and two for southbound; her vehicle was in the lane near the center of the street from the time she crossed 106th Street until the collision occurred; a half

block from 95th Street she signaled her intention to turn; just as she came to 95th Street the traffic control light changed from red to green and she drove up closer to the middle of the intersection; she stopped to allow southbound traffic to pass and several seconds later the defendant's vehicle struck the left rear and side of her automobile. Her testimony was corroborated by the plaintiff.

The defendant's version of the accident was substantially different. He testified that: he was driving north on Colfax; the traffic light was green as he approached 95th Street; his vehicle was in the lane near the center of the street and the Mueller automobile was next to the curb and two car lengths ahead; without signaling, Mrs. Mueller made a sudden left-hand turn; he applied his brakes and swerved to the left and the right front and side of his automobile made contact with the Mueller vehicle.

The plaintiff's first contention is that five statements made by the defendant in a pretrial deposition were judicial admissions which contradicted his trial testimony and necessitated a judgment for her. The statements concerned the speed of the defendant's vehicle, the positions of the two vehicles before and after the accident and the damage to the vehicle in which the plaintiff was riding.

 A judicial admission is an admission made in the course of a judicial proceeding. See Rosbottom v. Hensley, 61 Ill App2d 198, 209 NE2d 655 (1965) and Cleary, Handbook of Illinois Evidence, §§ 5.1 and 17.12 (2nd ed 1963). It is evidence against the party making it and substitutes for proof of the facts admitted. Bartolomucci v. Clarke, 60 Ill App2d 229, 208 NE2d 616 (1965). It is made by a party's deliberate testimony to a concrete fact within his peculiar knowledge; it must be a considered circumstance of the case, not a matter of speculation, inference or opinion. Gauchas v. Chicago Transit Authority, 57 Ill App2d 396, 206 NE2d 752

(1965). What constitutes a judicial admission must be decided under the circumstances of each case (Hurley v. Phillips, 54 Ill App2d 386, 203 NE2d 431 (1964)) and before a statement can be held to be such an admission it must be given a meaning consistent with the context in which it is found and must be considered in relation to the other testimony and evidence presented. McCormack v. Haan, 20 Ill2d 75, 169 NE2d 239 (1960); Gauchas v. Chicago Transit Authority, supra.

The first statement said to be a judicial admission related to the speed of the defendant's automobile at the time of the collision. He testified that both cars were going about 15 to 20 miles an hour as they came to 95th Street. The alleged admission followed this series of questions and answers in his pretrial deposition:

| | |
|---|---|
| Plaintiff's attorney: | "How fast was your car moving at the time of the impact?" |
| Defendant: | "That is hard to tell." |
| Plaintiff's attorney: | "Well, what would be your best estimate as to your speed at the time of the impact?" |
| Defendant's attorney: | "If you can estimate?" |
| Defendant: | "Well, we had the green light, I had the right of way to go straight through, there was nothing in my way." |
| Plaintiff's attorney: | "How fast were you going?" |
| Defendant's attorney: | "Twenty-five miles an hour, about." |
| Plaintiff's attorney: | "At the time that the impact took place?" |
| Defendant: | "Yes." |
| Plaintiff's attorney: | "Twenty-five miles an hour?" |
| Defendant: | "Thirty miles an hour." |

481

■ The defendant's first two responses did not specify how fast he was going, and it was only at the insistence of the plaintiff's attorney that he estimated his speed. Having been asked to estimate his speed, he did not purport to speak with certitude, and his answer cannot be deemed to be a binding admission.

The second statement concerned the position of the two vehicles prior to the crash. In his deposition the defendant, in response to the question whether he saw the Mueller automobile at any time before the impact, said:

"I noticed . . . [Mrs. Mueller's automobile] on 100th Street, and I was on the curb side going north, she was on the inside, like you say, the yellow line, the inside."

At the trial he testified that when he first saw the Mueller vehicle it was in the lane next to the curb and his automobile was in the inside northbound lane. These two statements are not necessarily inconsistent. They become contradictory only if it is assumed that the deposition statement and the trial statement both described the first time the defendant saw the vehicle in which the plaintiff was riding. There is no basis in the record for making this assumption. Moreover, the defendant testified that Mrs. Mueller was cutting in and out as she proceeded northward.

■ At the trial the defendant further testified that his vehicle was in the center lane and the Mueller vehicle was in the curb lane at the time of the collision. (This testimony is different from the deposition statement; but since the statement in the deposition referred to the position of the vehicles five blocks from the site of the accident, it cannot be considered an admission of facts material to the defense.) Hence, it cannot be a judicial admission which, by itself, barred the defense.

■ The third statement was in reference to the direction his car was facing at the moment of the impact.

In his deposition he stated that it was facing north; at the trial he stated that it was "partly northwest." According to the testimony the defendant was driving north and just before the accident turned to the left, so he was facing somewhat west of north at the time of the collision. His statement at the deposition and his statement at the trial were not materially discrepant and the former was not a conclusive bar to his defense.

■ In the next statement claimed to be a judicial admission the defendant described the position of the Mueller vehicle at the time of the collision. This statement did not involve a fact peculiarly within the defendant's own knowledge. It was not a judicial admission. Tennes v. Tennes, 320 Ill App 19, 50 NE2d 132 (1943).

■ In the last of the pretrial statements which the plaintiff submits as judicial admissions, the defendant said that he did not notice any damage to the Mueller auto. At the trial he stated that the right front of his car made contact with Mrs. Mueller's auto and that her damage "was on the left side only, I believe there was the headlight—the taillight, I mean." Upon cross-examination he stated he "didn't see any damage, . . . didn't notice any damage on the car, only the taillight was broken on there." The apparent inconsistency in his deposition and trial statements was due to his restricted use of the word "damage"; he apparently did not think that a broken taillight, in comparison to the $350 repair bill for his own car, was serious enough to be called damage. His equivocal deposition statement cannot be elevated to the stature of a judicial admission.

Since none of these statements rendered ineffectual the defense presented at the trial, the motion for a directed verdict was properly denied. Gauchas v. Chicago Transit Authority, supra. See Mesich v. Austin, 70 Ill App2d 334, 217 NE2d 574 (1966); Tarzian v. West Bend Mut. Fire Ins. Co., 74 Ill App2d 314, 221 NE2d 293 (1966). Similarly, the motion for judgment notwithstanding the

verdict was also denied properly. See Davis v. Oettle, 43 Ill App2d 149, 193 NE2d 111 (1963); Hughes v. New York Cent. System, 20 Ill App2d 224, 155 NE2d 809 (1959).

 The second issue on appeal is that the verdict is against the manifest weight of the evidence. A verdict is contrary to the manifest weight of the evidence when an opposite conclusion is clearly evident. LaSalle Nat. Bank v. Wieboldt Stores, Inc., 60 Ill App2d 188, 208 NE2d 845 (1965). Because the evidence was conflicting and disputed questions of fact were presented, determination of the truth depended upon the jury's evaluation of the credibility of the witnesses. A review of the evidence discloses ample support for its decision.

The third and fourth issues involve alleged errors of the trial court in refusing to give certain instructions tendered by the plaintiff.

The complaint charged the defendant with four specific acts of negligence: failing to keep a proper lookout, failing to apply the brakes, following too closely the automobile in which the plaintiff was a passenger and speeding. The plaintiff offered an instruction which submitted these four questions to the jury, but the court sustained an objection to the first, improper lookout. The court also sustained an objection to the fourth question, speeding, refused to inform the jury about a statute prohibiting excessive speed and sustained an objection to comments about the speed of the defendant's automobile. Finally, the trial court refused to instruct the jury that as a matter of law the plaintiff was in the exercise of due care and caution for her own safety.

 A party to a lawsuit has the right to have the jury instructed upon his theory of the case when there are pleadings and evidence which support his theory. Marcum v. Daugherty, 35 Ill App2d 9, 181 NE2d 830 (1962). However, an instruction should never open the possibility that a jury could make a finding of fact

where the finding would not be substantiated by the evidence, Hedge v. Midwest Contractors Equipment Co., Inc., 53 Ill App2d 365, 202 NE2d 869 (1964). It is error to give an instruction not based on evidence adduced at the trial. McClean v. Chicago Great Western Ry. Co., 3 Ill App2d 235, 121 NE2d 337 (1954).

■■■ Mrs. Mueller and the plaintiff both testified that they saw the defendant's vehicle a half block away and that it continued two or three car lengths behind them as their automobile approached the intersection where the accident took place. The defendant stated in his deposition that he observed their automobile five blocks before the accident and testified at the trial that their vehicle was about two car lengths ahead of his within a half block from the intersection. He saw their automobile as it came to the corner and began to turn; he applied his brakes and "cut out left" in an attempt to avoid the collision. This evidence indicates that the defendant was in a position to and was in fact watching for other automobiles. There is no direct evidence to the contrary, and in light of the testimony of the parties the accident itself is not circumstantial evidence of a failure to keep a proper lookout. Thus, the refusal to submit this as an issue for the jury's decision was not error. Wells & French Co. v. Novak, 73 Ill App 403 (1898).

■■■■■ Neither the plaintiff nor Mrs. Mueller testified to the speed of the defendant's vehicle. The defendant testified that the speed limit on Colfax was 30 miles per hour and that when he came to the corner of 95th Street his speed was 15 or 20 miles per hour. Mrs. Mueller stated that as a result of the impact her auto might have budged a little. When this evidence is considered with all the other testimony in the case, including the testimony of the plaintiff that the defendant's car followed two or three car lengths behind her sister's auto for a half a block without overtaking it until it stopped, it is apparent that the defendant was not driving at an

unreasonable speed. The evidence was such that the court did not err in refusing to allow the jury to pass upon the question of speed. McCormick Harvesting Mach. Co. v. Robinson, 60 Ill App 253 (1895). Likewise, there was no error in the court's refusal to give an instruction based upon the statute prohibiting unreasonable speed, Moss v. Wingo, 47 Ill App2d 138, 197 NE2d 848 (1964). And, since the question of excessive speed was not submitted to the jury, the court properly limited the closing argument to the questions at issue. Anderson v. Chicago, R. I. & P. R. Co., 243 Ill App 337 (1926).

 The jury was instructed that Mrs. Mueller's negligence could not be charged to the plaintiff and that the care required of her was that which a reasonably careful person riding as a passenger would use under similar circumstances. A peremptory instruction authorized the jury to find for the plaintiff if the defendant was negligent, the plaintiff was injured by the defendant's negligence and the defendant's negligence was a proximate cause of the injury. Freedom from contributory negligence was not made essential to her right to recover. Since the defendant did not by evidence, argument or instructions make an issue of contributory negligence, the plaintiff was not harmed by the court's refusal to give the requested instruction on due care tendered by the plaintiff. See Turner v. Seyfert, 44 Ill App2d 281, 194 NE2d 529 (1963).

The judgment of the Circuit Court is affirmed.

Affirmed.

SULLIVAN, P. J. and SCHWARTZ, J., concur.