Russell Cecola, Plaintiff-Appellee, v. Illinois Bell Telephone Company, a Corporation, Defendant-Appellant.

Gen. No. 53,959.

First District, Fourth Division.

October 30, 1970.

William P. Richmond and Ronald J. Sklar, of Chicago (Sidley & Austin, of counsel), for appellant.

Joseph A. Rosin and Jerome H. Torshen, of Chicago (Jerome H. Torshen, Ltd., of counsel), for appellee.

MR. PRESIDING JUSTICE STAMOS delivered the opinion of the court.

This action was brought to recover damages caused by the alleged negligence of defendant in leaving a cable trailer cart and equipment overnight on the public sidewalk at the site of a repair job. The jury awarded the sum of $11,600 to plaintiff, and defendant appeals, presenting the following contentions for review: (1) The court should have directed a verdict in favor of de-

fendant since plaintiff was guilty of contributory negligence as a matter of law * and (2) The jury was improperly instructed.

At the time of the occurrence, plaintiff was employed as a bartender. After working the afternoon shift, he closed the tavern at about 1:30 or 2:00 a. m., January 3, 1960, and departed with a woman patron. They drove to the Carling Hotel at 1512 North LaSalle Street. He parked the car about five feet north of defendant's cable trailer cart, which was located on the sidewalk about a foot and one-half from the curb. He and his woman friend passed this cart on their way to the hotel. At 4:00 a. m. plaintiff and the woman emerged from the hotel and he placed her in a cab. He then turned and walked north toward his car.

He passed the trailer cart by walking into the space between the curb and the cart and tripped over some projecting equipment and fell down. As a result of this fall, he sustained a fracture to his right ankle.

Plaintiff identified four photographs as truly and correctly depicting the condition and location of the trailer cart and the equipment around it as he saw it on the morning of the occurrence, and also the location of his car in relation to the trailer cart. These photographs depict that two angle-bar-like legs about an inch in diameter, of collapsible metal "men working" signs were projecting at least nine inches into the space between the cart and the curb and about 5 to 10 inches above the sidewalk.

The right wheel of the trailer cart was about a foot and a half from the curb and there was space to walk between the cart and the curb. After he had fallen, a passerby observed his predicament and summoned the clerk from the hotel who assisted plaintiff into the hotel. A cab was called, because plaintiff could not drive, and he was removed to a hospital.

The woman who accompanied him to the hotel that morning entered the tavern at about 10:00 p. m. Between that time and the time they left the tavern, she was

---

* The jury in response to defendant's special interrogatory, found plaintiff not guilty of contributory negligence.

drinking at the bar, but plaintiff testified that he consumed only six bottles of water.

There was also medical testimony and evidence adduced pertaining to the issue of damages.

On the morning of the occurrence plaintiff telephoned his brother Nick and advised him that he had sustained injuries to his ankle and leg when he fell over defendant's equipment in front of the Carling Hotel and asked Nick to pick up his car. Nick and a friend went to the scene and took photographs that morning which were introduced into evidence.

A police officer for the City of Chicago in pursuance of his duties was directed to visit the Henrotin Hospital to interview plaintiff and complete an accident report. He entered the emergency room and saw plaintiff on an emergency table, but was not successful in communicating with plaintiff. He noticed a strong odor of alcohol on plaintiff's breath and in trying to determine what had occurred, he noticed that plaintiff's answers were incoherent and slurred. He advised the nurse that he would return at a later time and went to the scene of the accident to view the physical conditions. At the time he observed the scene, everything seemed to be in normal order around the trailer cart, but inasmuch as it did not enter into his investigation at this time he did not pay much attention to it. It was still dark, but the street lights were on.

At that time, he was not aware the defendant's property was involved in the accident. It could not be determined whether the difficulty in communicating with plaintiff was due to plaintiff's physical distress or due to an alcoholic condition. The police report reflects that plaintiff had been drinking, but does not reflect that plaintiff was intoxicated or drunk. The witness testified, however, that in his opinion plaintiff had an excess of alcohol to drink.

The manager of the hotel testified that he found plaintiff leaning against the desk, very flushed, very excited and slurred of speech. He was advised by the desk clerk that plaintiff had fallen over some telephone equipment, and was in severe pain. The witness went out to inspect the telephone equipment. It was just south of the north

end of the hotel property. The sidewalk is about 20 feet wide. His examination of the equipment revealed it was neatly piled and testified that plaintiff's four photographic exhibits did not truly and correctly depict the trailer cart and equipment. The witness also testified that being a layman and not a medical authority, he could not express an opinion as to whether plaintiff was intoxicated or not, except plaintiff was flushed, slurred of speech and said he was in pain.

A splicing foreman for defendant testified that the cable trailer cart is about four feet tall and seven to seven and a half feet long. The sidewalk where the instant cart was located was between 15 and 18 feet wide. The car was used for storing tools, equipment and material. Anything that was too large to place in the cart was placed alongside and chained to the cart. The cart and equipment were located at the scene because the defendant was engaged in some underground transfer work on LaSalle Street. On January 4, 1960, when he went to the jobsite, the desk clerk at the Carling Hotel advised him of plaintiff's falling over defendant's equipment. The witness, out of curiosity, examined the equipment and observed nothing unusual. This witness also testified that plaintiff's photographic evidence did not truly depict the location and condition of defendant's property.

OPINION

Defendant initially contends that the trial court erred in refusing to grant defendant's motion for a directed verdict in that plaintiff was guilty of contributory negligence as a matter of law.

■■ In Pedrick v. Peoria & E. R. Co., 37 Ill2d 494, 229 NE2d 504 (1967) the court stated at page 510:

> "In our judgment verdicts ought to be directed and judgments n. o. v. entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand.

Defendant contends that the uncontroverted evidence established that immediately prior to the occurrence plaintiff spent 10 hours in a bar and two hours in a hotel with a lady; that he saw the cart as he walked toward the hotel; that after leaving the hotel, plaintiff again saw the cart and proceeded 10 to 15 feet toward it and while endeavoring to pass between the cart and the curb, he walked into the cart and fell down; that the scene of the accident was well illuminated.

Defendant's argument is that the trailer cart, which was a two-wheel affair, 4 feet high and wide and approximately 7 to 7½ feet long, was so apparent and obvious to plaintiff, that he was guilty of contributory negligence when he walked into it and sustained his injuries. In view of the foregoing, defendant argues that plaintiff knowingly exposed himself to danger and failed to see what was clearly visible. There is evidence, however, that plaintiff tripped over projecting equipment, as he avoided walking into the trailer cart. There is no evidence that plaintiff saw this projection when he was proceeding toward the hotel, but only that he was aware of the presence of the cart.

■ There was no testimony regarding the lighting conditions at this space between the cart and the curb. The hotel manager testified that "the area was certainly very illuminated." Plaintiff testified that it was four o'clock in the morning and it was dark. We find that the evidence fails to establish that the projection was so apparent and so obvious to plaintiff as he walked around the trailer cart, so as to charge him with contributory negligence as a matter of law and therefore, the trial court did not err in refusing to direct a verdict in defendant's favor.

The authorities cited by defendant in support of his contention all involve facts where plaintiff had previous knowledge or notice of the danger or where the danger was obvious and clearly apparent.

■ Defendant also argues that two impartial witnesses, the police officer and the manager, testified that plaintiff was drunk at the time of the occurrence.

The evidence reveals that the police officer who interviewed plaintiff at the hospital noticed a strong odor of alcohol on plaintiff's breath and was of the opinion that plaintiff had had "an excess of alcohol to drink." However, the officer failed to state in his report that plaintiff was drunk or intoxicated. Moreover, the officer testified that he did not know if plaintiff's difficulty in communicating was due to plaintiff's physical distress or an intoxicated condition. The manager related that when he saw plaintiff after the accident, plaintiff was very excited, flushed and slurred of speech, but could not state that plaintiff was intoxicated. Plaintiff's condition as to sobriety was properly one of the issues of fact to be taken into consideration by the jury on the question of contributory negligence.

Defendant next contends that the court erred in giving the following instruction, based on Illinois Pattern Instruction No. 60.01 titled "Violation of Statute or Ordinance:"

> "There was in force in the City of Chicago at the time of the occurrence in question a certain ordinance which provided that no person shall use any public sidewalk for the storage of personal property of any kind, nor shall any person place or cause to be placed in or upon any public sidewalk any obstruction of any kind.

> "If you decide that any employee of the defendant corporation, in the exercise of his ordinary duties of employment, violated the ordinance on the occasion in question, then you may consider that fact together with all the other facts and circumstances in evidence in determining whether or not the defendant corporation was negligent before and at the time of the occurrence."

The Ordinance, Section 34–6 of the Municipal Code of Chicago reads as follows:

> "No person shall use any public way for the storage of personal property, goods, wares or merchandise of any kind. Nor shall any person place or cause to be placed in or upon any public way any barrel,

box, hogshead, crate, package or other obstruction of any kind, or permit the same to remain thereon longer than is necessary to convey such article to or from the premises abutting on such sidewalk.

"For this purpose of receiving or delivering merchandise, no person shall occupy over four feet of the outer edge of the sidewalk in front of his store or building.

"Any person violating any of the provisions of this section shall be subject to a fine of not less than five dollars nor more than ten dollars for each offense."

■ It is a well-settled principle of law that violation of an ordinance enacted as a public safety measure is prima facie evidence of negligence. Bell v. Willoughby Tower Bldg. Corp., 46 Ill App2d 45, 196 NE2d 487 (1965). However, defendant argues that Section 34–6 was not enacted as a public safety measure, but rather as a measure to facilitate the free flow of pedestrian traffic.

Section 34–6 initially prohibits the use of the public ways for storage of personal property. However, the second and third sentences of the section limit this prohibition to permit the placing of personal property in designated areas for the purpose of delivery or receipt of goods. Where these permitted uses are enumerated, the only conditions placed upon them relate to time and place. No safety measures are required during the pendency of a permitted use.

However, in contrast, defendant cites Section 33–52 (Barricade of Street Openings and Obstructions), which requires the utilization of safety devices where streets are under construction or repair. The purpose of these devices as recited by the section is "to prevent danger to persons who may be travelling such streets." No such recitation appears in Section 34–6, nor does the section require any safeguards during the period of time the sidewalk is obstructed.

Plaintiff cites True and True Co. v. Woda, 201 Ill 315, 66 NE 369 (1903) for the proposition that ordi-

nances similar to the one at bar were found to be enacted to prevent injury. In True, a child was killed when a pile of lumber upon a sidewalk fell over and killed him. There the court held that it was proper to advise the jury that the piling of the lumber on the sidewalk was in violation of two ordinances. The opinion in True relates the content of the two ordinances in a very general manner. The first ordinance permitted placing articles and things on sidewalks, but provided a penalty if they were occupying more than three feet next to a building and more than four feet above the top of the sidewalk. In True, the lumber pile was from 3 to 5 feet above the sidewalk and the applicability of that ordinance was obviously directed to prevent what occurred, a pile of lumber toppled and killed plaintiff's intestate.

Unlike the ordinance at bar, the second ordinance in True, supra, absolutely prohibited the placing of wood, coal or any article whatsoever on the sidewalk. Additionally, we note that the court in the case at bar improperly phrased the ordinance in transposing it into the instruction. The ordinance did not prohibit the obstruction of the right-of-way, but recited that containers or receptacles should not remain longer than necessary to the right-of-way in their being moved in or out of the abutting premises. The ordinance also provided that for the purpose of receiving or delivering merchandise, "no person shall occupy over four feet of the outer edge of the sidewalk in front of his store or building." The instruction as given advised the jury that no object of any kind could legally be placed upon the sidewalk for any reason at any time.

■ In view of the foregoing, we believe that Section 34–6 was enacted as a measure to facilitate the free flow of pedestrian traffic and not as a safety measure and therefore find that instructing the jury with regard to Section 34–6 was prejudicial error.

Therefore, the judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.

DRUCKER and ENGLISH, JJ., concur.