WILLIAM O'NEILL, Plaintiff-Appellee, *v.* CHICAGO TRANSIT AUTHORITY *et al.,* Defendants-Appellants.

(No. 55751; )

First District—April 17, 1972.

James G. O'Donohue, O. R. Hamlink, Jerome F. Dixon, and Edmund J. Burke, all of Chicago, for appellants.

Dean J. Sodaro, of Chicago, (Sodaro, Bedrava & Niemi, of counsel,) for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

After a bench trial, William O'Neill (plaintiff), recovered a judgment of $4000 for personal injuries against Chicago Transit Authority and David Wright, a bus driver (defendants). On their appeal, defendants urge that the court erred in granting plaintiff leave to file an amended complaint and that the proof showed that the injuries of plaintiff occurred because of his own condition and not because of negligence of defendants.

Plaintiff alleged in his original complaint that the mishap occurred when he was about to board a bus bound west on 63rd Street. He also alleged that the driver negligently permitted the door of the vehicle to close upon plaintiff and that the bus started before plaintiff had reached a safe place. The complaint also contained other allegations regarding

negligence including a charge that the door was inoperative so that it closed on plaintiff.

Plaintiff called no occurrence witness other than himself. He testified that he was attempting to board a southbound Ashland Avenue bus on the northwest corner of Ashland and 63rd Streets. Two people boarded before plaintiff and he had one foot on the second step when the driver put the bus into motion. Plaintiff fell backwards, was rendered unconscious and awoke in the hospital. On cross-examination, he testified that shortly before he had visited a friend who was a bartender in a tavern. He remained there for three-quarters of an hour and he was positive that he drank two beers and no whiskey.

The only other witness called by plaintiff was his own wife who merely testified to his debilitated condition after his injuries. At the close of plaintiff's case, he requested, and the court granted, leave to amend his complaint upon its face so as to allege that the bus was being operated in a southerly direction upon Ashland Avenue (not in a westerly direction upon 63rd Street); that the bus had stopped on the north side of 63rd Street (rather than on 63rd Street east of Ashland Avenue) and that plaintiff started to enter the bus to go south upon Ashland Avenue (rather than west upon 63rd Street).

The driver testified for the defendants that the bus had stopped on the southwest corner of Ashland and 63rd Streets. The driver entered the bus as relief for a preceding operator. The vehicle was halted at the curb, out of gear, and did not move. Several passengers boarded. Plaintiff then appeared and started to board. Plaintiff was very unsteady, appeared intoxicated and had no control over his equilibrium. He was holding the door bar; but, as he reached into his pocket for change, he lost his grip and fell backwards through the open door and out of the bus. Plaintiff was some four feet away from the driver and the entire incident took three or four seconds "more or less."

Defendant also called two eyewitnesses who were seated on the bus at the time. It appears from their testimony that the bus was proceeding east on 63rd Street and that it had stopped on the southwest corner of the intersection to change drivers. Both of them were seated on the long seat immediately behind the driver running parallel to the length of the bus so that both were facing south toward the front door. They saw plaintiff standing in the doorway, staggering or weaving. One witness testified that plaintiff was too far from the driver for the driver to touch him and that the occurrence happened very quickly. An ambulance arrived and plaintiff was removed to the hospital. Defendants' final witness was a police officer who testified that plaintiff was intoxicated at the time in question.

At the close of all the evidence, over objection by defendants, the court granted plaintiff leave to file instanter a so-called second amended complaint. This new complaint alleged that the bus was going east on 63rd Street near its intersection with Ashland Avenue and that it had stopped on 63rd Street to take on passengers. It alleged that plaintiff was "in an intoxicated, helpless and irresponsible condition" and that he entered the bus and then fell out of the open door to the ground. It alleged that plaintiff "* * * was in the exercise of ordinary care and caution for his own safety consistent with a person in such intoxicated, helpless and irresponsible condition." It alleged that the defendants knew plaintiff's condition and failed to take precaution to protect him from injury while on the bus.

■■ The right of a litigant to amend his pleading to conform to the proofs is established in the Civil Practice Act. (Ill. Rev. Stat. 1969, ch. 110, par. 46(3).) Our courts have been liberal in permitting amendments of pleadings. (*In re Estate of Gingolph*, 114 Ill.App.2d 363, 369, 252 N.E.2d 726.) It has often been held that the filing of amendments to pleadings is a matter within the discretion of the court and that this discretion should be liberally exercised. (*Adler v. Northern Illinois Gas Co.*, 57 Ill.App.2d 210, 219-220, 206 N.E.2d 816. See also *Arendt v. McClerren*, 74 Ill.App.2d 279, 220 N.E.2d 254.) However, the test to be applied in determining whether the discretion of the court was properly exercised is whether the order entered by the court furthered the ends of justice *Bowman v. County of Lake*, 29 Ill.2d 268, 281, 193 N.E.2d 833.

■■ In this case, plaintiff testified that he drank only "a couple of beers" before the accident, that he was in the act of boarding a bus on the northwest corner of the intersection to go south on Ashland Avenue, that the driver negligently started the bus and that this act of negligence was the cause of his fall. This testimony was a judicial admission by plaintiff. A judicial admission is the highest and best type of evidence. It is sufficient to dispense with the need for proof of the facts admitted. (*Vincent v. Wesolowski*, 87 Ill.App.2d 477, 480, 232 N.E.2d 120.) Plaintiff cannot be permitted to contradict the allegations of his own complaint by a solemn judicial admission and then in turn to contradict this admission by completely inconsistent allegations in a newly tendered amendment. (See *Nowak v. Schrimpf*, 44 Ill.App.2d 309, 313, 194 N.E.2d 547, and cases there cited.) Plaintiff cannot abandon his own sworn evidence and then attempt to recover by adopting completely inconsistent evidence produced by other witnesses. (See *Gauchas v. Chicago Transit Authority*, 57 Ill.App.2d 396, 400-401, 206 N.E.2d 752.) The right to amend pleadings is not absolute and unlimited.

■■ A legal proceeding is basically adversary in its nature. However,

of paramount importance, it is an attempt to reach justice by ascertainment of truth. It is not a contest in which each party is permitted to take an unfair advanage over the other for his own gain. Under the particular circumstances of this case, in view of plaintiff's own sworn admissions, the court should not have permitted the complaint to be amended in the manner requested. Plaintiff's evidence is overcome and destroyed by the testimony of the driver and two apparently credible and impartial eyewitnesses. Under these circumstances we need not consider the contention of defendants that there is no proof of negligence.

The judgment in favor of plaintiff and against defendants is accordingly reversed.

Judgment reversed.

STAMOS and LYONS, JJ., concur.