ROBERT S. KOSIN, Adm'r of the Estate of Iqbal Akhtar, *et al.*, Plaintiffs-Appellants, *v.* FERAT SHERO *et al.*, Defendants-Appellees.

First District (1st Division)   No. 76-182

Opinion filed January 31, 1977.

Rosenberg & Kosin, of Chicago (Robert S. Kosin and Joel S. Ostrow, of counsel), for appellants.

John T. Wardrope, of Purcell & Wardrope, Chartered, of Chicago (Sidney Z. Karasik, of counsel), for appellees.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Robert S. Kosin, administrator of the Estate of Iqbal Akhtar, deceased, and Arlene Baskin (plaintiffs) filed their amended complaint against Ferat Shero and Ivlayete Shero (defendants). Plaintiffs sought damages for wrongful death and personal injuries resulting from a fire upon residential real estate owned by defendants in which the intestate of one plaintiff and the other plaintiff had resided. The trial court entered summary judgment in favor of defendants and plaintiffs appeal.

In this court, plaintiffs contend that the record presents sufficient dispute concerning questions of material fact to preclude the granting of summary judgment. Defendants take the position that summary judgment was appropriate because plaintiffs' own evidence shows that the cause and origin of the fire were unknown and that admissions made by plaintiffs indicate that the fire was not proximately caused by any of the conditions alleged in the amended complaint.

In due course, defendants made a motion for summary judgment. This motion was based upon a report rendered on February 7, 1974, by Marvin A. Salzenstein, a registered professional engineer retained by counsel of record for plaintiffs. The report described the premises as a three-story brick apartment building in Chicago. There are various apartments on the second and third floors. The fire was confined to the third or top floor of the building. The expert described the fire as having occurred in the hall of the third floor which was badly damaged, as was the south apartment on that floor. The fire had occurred on June 6, 1973, about midnight. The report stated that the expert had inspected the premises but did not provide the date of this inspection. The report stated that, "the fire damage was so severe in the hallway that it was impossible to determine the cause or origin of the fire."

Plaintiffs filed an answer to the motion for summary judgment. The answer set forth that defendants were guilty of one or more of the negligent acts or omissions alleged in plaintiffs' amended complaint. Attached to the answer was a copy of an affidavit by plaintiff Baskin which showed that painting materials and other debris present on the premises at the time of the fire were obviously the cause of the fire or of its quick spread which had prevented the intestate of one plaintiff from escaping and which had forced plaintiff Arlene Baskin to leave from a third floor window. This pleading was not verified but was signed by plaintiffs' attorney. See Ill. Rev. Stat. 1975, ch. 110A, par. 191.

The affidavit of Arlene Baskin set forth that she was a tenant on the subject premises at the time of the fire. On that day, the day before and for a short time prior thereto, she had seen "painting materials and other oil-type cleaning fluids" in and about the front stairway on the second floor landing. During the same time she had observed that "the front stairways and hallways were dirty and littered with debris and in a general unkempt state." When plaintiff first became aware of the fire, both exits were blocked by smoke and flames and she was obliged to leap to the ground from a window. On December 10, 1974, the court denied defendants' motion for summary judgment "without prejudice."

Considerable discovery was employed by both sides by means of interrogatories, depositions duly filed, and production of documents. On November 25, 1975, defendants filed a verified copy of a deposition given by William Francis, a supervising building inspector for the city of Chicago. Defendants also filed verified excerpts from the discovery deposition of plaintiff Arlene Baskin which had been taken on February 27, 1975. On December 5, 1975, on the motion of defendants, the trial court considered this additional material and heard argument of counsel. The court then entered an order vacating the previous order which had denied the motion for summary judgment; finding that there was no genuine material issue of fact and granting the motion of defendants for summary judgment in their favor.

We will consider all of the material thus before the court in connection with each of the five allegations in the amended complaint regarding the alleged negligence of defendants. Count I of the amended complaint presents the cause of action for wrongful death and Count II sets out the cause of action for injuries suffered by Arlene Baskin. Both counts present the identical allegations regarding alleged negligent acts or omissions by defendants which are reiterated in the answer of plaintiffs to the motion for summary judgment.

Plaintiffs alleged that defendants negligently allowed "the presence of various building defects which they knew or should have known would cause a fire." At his deposition the supervising building inspector

produced a group of documents which he identified as city records indicating minor building violations on the premises commencing in 1966. He testified that according to these records, the premises were not in violation of the city building code at or about the date of the fire. Counsel for plaintiffs exhibited to the witness a diagram of the third floor apartment in which Arlene Baskin and the deceased had lived and in which the greatest destruction had occurred. This diagram showed that both of the entrances to this area were in the northwest portion thereof. However, the witness testified that the proximity of these two entrances or exits did not constitute a violation of the city code as of the date of the fire. He stated that the building was erected approximately in 1915, long prior to the existence of any type of fire ordinance pertaining to configuration of the apartment as regards exits.

The amended complaint alleged that defendants negligently permitted "accumulation of rubbish which they knew or should have known could lead to a fire." All of the pertinent information here comes from the verified excerpts from the discovery deposition of Arlene Baskin. Plaintiffs' own expert had expressed the opinion that the fire "occurred" in the third floor hall. The plaintiff admitted in her deposition that she saw no garbage or newspapers at any time in the third floor hall and all that she had ever seen in that area was some gumwrappers and dust. She did not know how many gumwrappers she had ever seen. She had seen some newspapers and toys on the second floor. She could not describe the toys and never saw anything on any of the stairways. She testified clearly that she did not know when, where, how or why the fire had started.

The third allegation of the amended complaint is negligent failure to repair or replace wiring which defendants knew or should have known would cause a fire. The only material in the record regarding this allegation is the report of the expert which rejected this theory. The expert noted that wiring to the ceiling fixture in the third floor hall was within a conduit and the ceiling joists in the area were "relatively unburned." The expert noted no other wiring except that used to operate doorbells. In this regard, his report noted that there were no signs of short circuits and this type of installation is "in general of such low voltage as not to be considered [a] competent ignition source. Such wiring need not be installed in conduit." The deposition of the supervising building inspector was to the effect that an inspection had been made after the fire but no building violations were detected.

■■ The amended complaint alleged negligent failure of defendants "to safeguard the entrance and exit ways of the building so that persons other than tenants would be excluded from said building." The entire record, including the results of lengthy discovery, shows no evidence regarding the possibility that the fire may have been the result of arson or

other activity by unauthorized persons. In our opinion, no legal duty rested upon defendants to protect their tenants from the possibility of criminal action by any unidentified outsiders. This court had occasion to consider the duty of an owner of real estate in this regard in *Smith v. Chicago Housing Authority* (1976), 36 Ill. App. 3d 967, 344 N.E.2d 536.

The final allegation of the amended complaint is directed at negligently allowing "accumulation of paint and varnish materials in the hallways and stairwells of said premises." In her deposition plaintiff Arlene Baskin admitted that she had never at any time seen any painting being done in the hallways of the property. She had once observed what she thought was fresh paint in the second floor hallway. This consisted of "just a little dab" of paint which she saw on the wall of the second floor hall at some time before the fire. She did not remember how long before she had seen this. On the day of the fire, she saw with one glance that there were two paint cans in the hallway on the first floor. She did not know what kind of paint it was and did not observe the labels on the cans. Her apartment on the third floor had been painted in April of 1973, some two months prior to the fire. She did not know the type of paint that was used, and did not know what the painters did with the cans of paint after they had finished, except that she knew they had removed the cans.

■■ It remains now to analyze these pertinent portions of the record with reference to the legal propriety of the summary judgment. The basic principles of summary judgment need hardly be repeated beyond the statement that such motion "will be granted if the pleadings, depositions, admissions and affidavits on file reveal that there is no genuine issue as to any material fact and that the movant is entitled to a judgment or decree as a matter of law. (Ill. Rev. Stat. 1975, ch. 110, par. 57(3); *Carruthers v. B. C. Christopher & Co.* [1974], 57 Ill. 2d 376.)" (*Econo Lease, Inc. v. Noffsinger* (1976), 63 Ill. 2d 390, 393, 349 N.E.2d 1.) In *Carruthers*, the supreme court noted that, "Even though a complaint and answer may purport to raise issues of material fact, if such issues are not further supported by evidentiary facts through affidavits or such, summary judgment is then appropriate." 57 Ill. 2d 376, 380, 313 N.E.2d 457.

■■■ The pertinent portions of the record before us demonstrate that there is no genuine issue as to any material fact in this case. This appears amply from the statements made by plaintiffs' own engineering expert, the testimony of the supervising building inspector and the clear admissions made by plaintiff Arlene Baskin in her discovery deposition. Having made these judicial admissions so adverse to her claim, plaintiff Arlene Baskin could not effectively contradict them by attempting to adopt inconsistent evidence which might be produced by other witnesses or by attempting to supply additional but inconsistent allegations to her pleading. *O'Neill v. Chicago Transit Authority* (1972), 5 Ill. App. 3d 69,

72, 283 N.E.2d 99, citing *Gauchas v. Chicago Transit Authority* (1965), 57 Ill. App. 2d 396, 400-01, 206 N.E.2d 752, and *Nowak v. Schrimpf* (1963), 44 Ill. App. 2d 309, 313, 194 N.E.2d 547.

With untiring diligence, counsel for plaintiffs has cited some 20 cases decided by the courts of Illinois and New York. For purposes of this opinion, we find it necessary to comment only on the following:

In *Dodd v. Nazarowski* (1972), 4 Ill. App. 3d 173, 280 N.E.2d 540, *appeal denied*, 50 Ill. 2d 649, this court considered an action for wrongful death and personal injuries resulting from a fire in an apartment owned by defendant. The amended complaint alleged violation by the defendant of a common law duty to the tenants by obstructing escape because of the presence of permanent screens fitted to the windows and of violation of the statutory duty created by city ordinance concerning maintenance of the premises in adequate repair. We affirmed a directed verdict in favor of defendant at the close of plaintiff's case. The court stated that, "[a]t common law, a landowner was not required to anticipate a fire upon his premises; it was considered that the ordinary means of escape from a burning building were sufficient." (4 Ill. App. 3d 173, 177-78.) The court pointed out that not all of the windows had been sealed by the screens; there was no evidence that the windows were held out by the landlord to be fire exits and there was no duty on the defendant to maintain the windows as a means of escape. The court also cited and differentiated *Buckingham v. Donarry Realty Corp.* (1966), 25 App. Div. 2d 722, 268 N.Y.S.2d 775 which is cited by plaintiffs in the case before us. In *Buckingham*, the apartment had a single door exit which was blocked by fire and the window had been nailed shut. We pointed out that this was contrary to the facts in *Dodd* in which there were three doorway exits and several unscreened windows. We do not regard either of these cases as authority to sustain plaintiffs' contentions in the case before us or to create an issue of material fact.

In *Mims v. New York Life Insurance Co.* (1971), 133 Ill. App. 2d 283, 273 N.E.2d 186, the property owner directed its employee to inspect the apartment of plaintiffs. The employee had left the door open while making his inspection and plaintiffs lost valuable personal property, apparently by theft. This court affirmed a judgment for plaintiffs. The court pointed out that the issue was a factual one of proximate cause as to whether defendant's agent should reasonably have anticipated the occurrence of a theft by virtue of the open door. We have above considered the lack of similarity between a situation of this type and the case before us. In *Mims*, there was a greatly enhanced possibility of theft flowing from the conduct of the agent in permitting the door to remain open. In the case before us, quite to the contrary, the record shows a complete lack of proof regarding any possible causal connection between

any act or omission of defendants and the fire. This court has previously had occasion to consider and differentiate *Mims* in another situation. See *Smith v. Chicago Housing Authority*, 36 Ill. App. 3d 967, 969-70.

Finally, in *Dini v. Naiditch* (1960), 20 Ill. 2d 406, 170 N.E.2d 881, the corridors of a hotel contained used oil drums which had been converted to garbage use and paper and waste and other rubbish had been piled about these cans and on the stairs. There was also evidence of nine violations of the city building code within the hotel premises. The supreme court reversed a summary judgment against plaintiffs who had sought damages for injury and death of city firemen who had responded to a fire on the premises. Such a factual situation is not presented by the record before us. In *Dini*, the court found breach of a legal duty of the owner to use reasonable care for protection of the firemen. (*Dini*, 20 Ill. 2d 406, 416-17, as noted in *Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 556, 328 N.E.2d 538.) In the case before us, the record demonstrates no evidence of breach of any duty by negligent acts or omissions of defendants.

In view of the demonstrated absence of any genuine issue of material fact, we conclude that the summary judgment in favor of defendants and against plaintiffs was properly entered and it is accordingly affirmed.

Judgment affirmed.

O'CONNOR and MEJDA, JJ., concur.