# MATHIAS MAMER

*v.*

# JOHN LUSSEM.

1. TRESPASS *quare clausum fregit—for excavation on adjoining close.* If a defendant makes an excavation upon his own land so near to that of the plaintiff as to cause the plaintiff's land to fall into it, without reference to the superincumbent weight of a building erected thereon, he will be liable in an action of trespass for the injury.

2. Therefore, in trespass to recover for injury to plaintiff's close in consequence of excavations made by the defendant upon adjoining premises, where it was a matter of doubt whether the excavations extended over upon the plaintiff's land, it was held no error to refuse an instruction asked by the defendant, that if the excavations were made on the land of the latter, and did not extend on to the land of the plaintiff, then in fact there was no trespass committed. The instruction was too broad, for the reason that if the excavations were so made as to cause the plaintiff's land of its own weight to fall into them, without reference. to the weight of the buildings erected thereon, trespass would lie for the injury.

3. SAME—*injury to building by excavation on adjoining premises.* But where the plaintiff has a building erected on the line of his lot, but has acquired no prescriptive right, and the defendant makes an excavation upon his lot adjoining that of the plaintiff, near to, if not quite up to the boundary line between the two, and in doing so the earth gives way, so as to cause the falling or settling of the plaintiff's house by reason of such additional weight being placed upon the soil, the plaintiff can not recover for such injury in trespass.

4. SAME—*no recovery can be had for negligence, in trespass.* In the absence of a prescriptive right, a party, by erecting a house near the boundary line of his lot, does not acquire any right of support over the adjoining land, and the owner of the adjacent premises may lawfully excavate the same for the purpose of erecting a building thereon, and in such event, even though he should be guilty of negligence in failing to give notice thereof to the other party, or in making the excavation in an unskillful manner, he can not be made liable in an action of trespass.

5. SAME—*trespasser liable for all the natural, probable consequences of the act.* Where a defendant, in making an excavation upon his own land for a cellar, extends the same upon the close of the plaintiff, he will be liable in trespass for all the natural, probable consequences of the act, such as injuring the foundation of plaintiff's building situate near the line.

6. SAME—*where owner is liable for trespass of one building a house for him.* Where the alleged ground of an action of trespass to real estate was the extension of an excavation for a cellar and foundation of a building beyond the defendant's lot upon that of the plaintiff, and it appeared that such excavations were made by the defendant's son under a very indefinite contract with the defendant for the erection of a house for the defendant, it was *held*, that if such trespass was committed by the direct execution of plans devised and employed by the defendant, either by his previous command or by his subsequent ratification, he would be liable for the same.

7. SAME—*instruction as to whether acts complained of were done on plaintiff's or defendant's land.* Where the trespass complained of were certain excavations made principally on defendant's own land, but the proof tended to show that they were partly on plaintiff's premises, and the defendant asked an instruction that if the excavations were made upon his own land the plaintiff could not recover, it was *held*, that the court properly modified the same, so as to require the jury to find that the excavations did not extend over and upon the plaintiff's lot.

8. EVIDENCE—*tacit admission.* All conversations relating to the matters in issue held or had in the presence or hearing of the opposite party, are admissible in evidence against such party. It does not follow that everything asserted in his presence and not denied is to be taken as true. They are circumstances, only, to be weighed by the jury as having a tendency, greater or less, according to their nature, to establish the particular facts, by tacit admission.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This was an action of trespass *quare clausum fregit*, by the appellee against the appellant.

The first count of the plaintiff's declaration alleged, in substance, that the plaintiff, at the time, etc., was and still is lawfully possessed of a certain close in the city of Chicago, Cook county, Illinois, with a building thereon situated, which building the plaintiff occupied as a dwelling, and carried on therein his trade or business of manufacturing cigars; that defendant was possessed of a certain other close near to and adjoining plaintiff's close, and that defendant, intending to injure plaintiff, etc., on June 24, 1871, wrongfully, injuriously and negligently dug up, excavated and carried away the earth and soil of said close of defendant, near to and adjoining plaintiff's

close and building, and made and dug divers excavations, holes and cellar ways of great depth and width, etc., in the close of defendant, and then and there, with force and arms, extended the excavations, holes and cellar ways to and upon plaintiff's close, and took and carried away a large quantity of the earth and soil from plaintiff's close, by means of which said premises and building of plaintiff were greatly damaged, and said building and foundations of the same were greatly weakened, disturbed, racked and injured, and the building rendered unsafe and unfit for carrying on therein the business of the plaintiff, whereby the plaintiff has been greatly annoyed and incommoded in the use and enjoyment of said close and building, and whereby he has been forced to pay, lay out and expend $300 in repairing said building and in securing the foundations thereof.

The second count is for the breaking and entering of plaintiff's close, making excavations therein and taking and carrying away the soil, etc., in the usual form. The defendant filed the general issue.

The first instruction asked by the defendant on the trial was as follows:

" If the jury believe, from the evidence, that the excavations complained of were made on the defendant's own soil, for the purpose of improving his premises, or to secure the proper foundations for a building about to be erected by him on said premises, and that such excavations were made after reasonable notice to the plaintiff, and with reasonable or ordinary care and skill, then, although plaintiff's building has been injured, he can not recover any damages from the defendant for such injury."

The court modified the same by adding at the conclusion the following words: " Unless the jury also believe, from the evidence, that such excavations were made over, to and upon the soil of the plaintiff, and that injury was thereby caused to plaintiff's house and premises."

The jury found for the plaintiff, and assessed his damages at $214. The court overruled a motion for a new trial, and rendered judgment on the verdict.

Mr. Ira W. Buell, for the appellant.

Messrs. Runyan, Avery, Loomis & Comstock, for the appellee.

Mr. Justice McAllister delivered the opinion of the Court:

This was trespass *quare clausum,* brought in the Cook county circuit court, by appellee against appellant. Plea, not guilty. There was a trial before the court and a jury at the May term, 1872, and verdict and judgment against appellant. The evidence and rulings of the court were preserved by bill of exceptions, and the case brought to this court, where the following errors are assigned and relied upon: (1.) The verdict is against the weight of the evidence. (2.) The court admitted the declarations of defendant's sons in evidence. (3.) The instructions asked on behalf of defendant were improperly modified, and others wholly refused.

The first ground for reversal involves two elements of the case, viz: (1.) Want of sufficient evidence that a trespass was committed upon plaintiff's land by anybody. (2.) If there was, then a want of evidence to connect defendant therewith.

The close upon which the alleged trespass was committed was a lot in the city of Chicago, 25 feet in width, on which was a building in plaintiff's possession. The defendant was lessee of the lot adjoining that of plaintiff on the east, on which defendant was erecting a house, requiring an excavation probably for a cellar. This house was erected by defendant's son, a young man living in his family, under a very indefinite contract with defendant, who furnished all the means. It was a sharply contested question, upon the trial, whether said excavation was made to extend beyond the line between the

two lots, and upon that of plaintiff. There was much evidence upon both sides of the question.

We are unable to say that there was any such manifest weight and preponderance in favor of the defendant as would warrant this court in interfering with the finding of the jury, which we must intend was, that the excavation did extend beyond the line, or that other trespasses to plaintiff's close were committed.

There was evidence strongly tending to show that this work was done subject to defendant's control, and that he approved and ratified what was done. If the trespass was committed by the direct execution of plans devised and employed by him by his previous command or subsequent ratification, he would be liable. The finding of the jury upon this branch of the case is likewise conclusive. It is unnecessary for this court to repeat a score of times each year the rules which govern in such cases.

The only question made upon the admissibility of evidence is that based upon the admission of the declarations of defendant's sons. The record shows that the defendant was present when these declarations were made. All conversations relating to any of the points in issue, held or had in the presence and hearing of the opposite party, are admissible as evidence against such party. Not that everything asserted in the presence of the party and not denied by him is to be regarded as true, but the circumstances are to be weighed by the jury as having a tendency, greater or less, according to their nature, to establish particular facts, by tacit admission.

Lastly, as to instructions. The proposition of law involved in the 8th instruction, which was refused, is fully embodied in the 6th that was given.

The 9th instruction, the refusal of which is urged as a ground of reversal, is as follows:

"If the jury believe, from the evidence, that the alleged excavations were made on the land of the defendant, and

did not extend on to the land of the plaintiff, then no tres-
pass was in fact committed, and the jury should find for the
defendant."

This instruction is too broad, and should not have been
given. Although the excavations were made on the land
of defendant, yet, if they were so made as to cause plain-
tiff's land to fall into them of its own weight, and with-
out reference to the superincumbent weight of a building
erected upon plaintiff's land, an action would lie for the in-
jury, and might properly be trespass. In the language of
Rolle: "It seems that a man who has land next adjoining to
my land can not dig his land so near to my land that thereby
my land shall fall into the pit, and for this, if an action were
brought, it would lie." *Wilde* v. *Minsterly*, 2 Rolle Abr. 565;
*Humphries* v. *Bragden*, 12 Q. B. 743; *Thurston* v. *Hancock*, 12
Mass. 229; *Farrand* v. *Marshall*, 21 Barb. 409; *Lasala* v. *Hol-
brook*, 4 Paige Ch. 169; 2 Washb. on Real Prop. 75, and cases
cited in notes.

The modification of defendant's first instruction was very
properly made, because the hypothesis of the instruction, as
asked, was not that the excavations complained of were made
*exclusively* on the defendant's own soil.

The evidence of plaintiff tended to show that, while the
excavations were principally made on defendant's lot, yet,
that they extended several inches over upon that of plaintiff.
The legal proposition of the instruction, as asked, could only
be proper in case the jury found that the excavations did not
extend beyond the line of defendant's lot; but, by it, as
asked, the jury were not required to so find, and the court
properly made the addition.

The second instruction, as asked by defendant, was as fol-
lows:

"The jury are instructed that the plaintiff, by building his
house near to the extremity of his own land, did not thereby

acquire any right of support over the defendant's adjoining land, so as to deprive defendant of his right to use or excavate his land, and the defendant, by exercising ordinary care and skill, had the right to make reasonable improvements or excavations on his own land or soil, although such improvements or excavations should injure or endanger the building of plaintiff located on the adjoining land, and for injury thus caused he can not recover."

The court refused this instruction, as asked, and added: "If the jury also believe, from the evidence, upon making such excavations he gave reasonable notice to the plaintiff of his intention to excavate the soil and build upon his, defendant's, land."

The modification by the court was clearly erroneous. The action was trespass to plaintiff's close. Plaintiff could not recover in this action by reason of any negligence on the part of defendant to give notice of his intention to excavate. It is implied by the modification, and the jury must have so understood it, that defendant would be liable in this action for consequential injuries to plaintiff's building arising from excavations made even on defendant's own lot, provided defendant omitted to give plaintiff reasonable notice. If the action had been *case* for making the excavation in a negligent or unskillful manner, this modification would not have been proper, because it excludes the idea that plaintiff might have had full knowledge of the intended excavation from other sources, as he undoubtedly did.

But the action being trespass, it could be sustained by no mere negligence or unskilfulness in making the excavation on defendant's own lot.

If the evidence satisfactorily established the fact of an actual entry upon plaintiff's close, and making an excavation therein, then the defendant, if guilty, would be liable for all the natural, probable consequences of the act. This is the

theory upon which the plaintiff tried the case, but it was controverted by the defendant with nearly an equal if not greater strength of evidence. Then, even upon a denial of plaintiff's theory successfully maintained, other considerations might arise.

There is no denial of the fact that an excavation was made upon defendant's lot, and nearly if not quite up to the line. What were defendant's liabilities to plaintiff under this view? There is no question of prescriptive right. Plaintiff's building was of recent erection. The defendant had the lawful right to excavate his own land for such purposes as he saw fit; and if, in so doing, the adjacent earth gave way so as to cause either the falling or settling of plaintiff's house, by reason of such additional weight being thereby placed upon the natural soil, the plaintiff was without remedy in this action for the damage thus sustained to his house.

"The right of a land owner," says Washburn, "to support his land against that of the adjacent owner, does not extend to the support of any additional weight or structure he may place thereon." Washb. on Real Prop. (marg. p.) 75. Upon this point the defendant had the right to have the law correctly given to the jury.

For the error in modifying the second instruction for defendant, as stated, the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed*