Carol Johnson, a Minor, by Gunnard Johnson, His Father and Next Friend, Plaintiff in Error, v. The Swords Company et al., Defendants in Error.

Gen. No. 9,070.

Opinion filed September 3, 1936.

J. E. GOEMBEL and B. J. KNIGHT, both of Rockford, for plaintiff in error; PERLEY T. LUPTON, of Decatur, of counsel.

C. H. LINSCOTT, of Rockford, for defendants in error.

MR. PRESIDING JUSTICE HUFFMAN delivered the opinion of the court.

Plaintiff in error brought suit by his father as next friend, against defendants in error, for damages for personal injuries alleged to have been received by the negligent operation of a motor truck belonging to defendants in error. Defendants in error offered no evidence. The jury returned a verdict in favor of the defendants in error. Judgment was entered on the verdict. Plaintiff in error prosecutes this appeal therefrom.

Only one point is urged for reversal, and that is the refusal of the trial court to permit the father of plaintiff to testify regarding certain conversations had by him with the driver of the truck, and certain alleged statements made by the driver in response thereto. The only eyewitness to the accident who testified was one Ernest Frank. He lived in the city of Rockford, and was upon the sidewalk near the place where the accident occurred. He was a witness for plaintiff in error. He states that he saw the right rear wheel of the truck run over the boy's leg; and that the truck stopped with-

in a distance of about a foot. The boy sustained a broken leg.

The father, at the time of the accident was in the dining room of his residence, which was near by. Upon hearing the commotion, he went to the back door of his house and there met a young man coming upon the porch at the rear of the dwelling. The father left the house at the back, and upon going out into the yard, saw a man holding his son. A statement was made to him by someone present, for him to get his car. He went to his garage and backed his car out. At that time his wife was in the yard and was holding the boy. The driver of the truck was standing by the wife. It was the driver whom the father first saw holding the boy. At this time the father engaged the truck driver in conversation, asking him questions, in response to which questions it is claimed the driver made certain statements regarding the accident. Plaintiff in error offered these statements as a part of the *res gestae*. The court heard the offer and the respective attorneys, in the absence of the jury, and denied plaintiff in error the right to introduce the testimony offered. It is from the ruling of the court in this respect and in this respect only, that plaintiff in error complains in this appeal.

The general rule is that for declarations to be admissible in evidence as part of the *res gestae,* they must be made in connection with an act proven. The rule also is, that the *res gestae* generally remains with the *locus in quo,* and does not follow the parties about after the principal act is completed. *Chicago & E. I. R. Co. v. Chancellor,* 165 Ill. 438, 443. In this case it is said: "Whether or not such act or declarations will be so considered, must depend upon the circumstances of each case." (p. 444.)

Usually the interval between the statement and the exciting cause of which it is deemed a natural and, to a certain extent, an inevitable form of expression, is brief. If it has ceased to be spontaneous, it then falls

back into the general class of narratives, and thus becomes improper. Whether the circumstances under which a declaration was made are such as to make it reasonably probable that it was spontaneous, presents a preliminary question for the determination of the trial court. The burden is upon the proponent to show the essential fact. The question of admissibility is one of administration, each case being properly decided upon its own facts. And in this regard the trial court should be clothed with a reasonable degree of latitude, since the application of the principle depends on the circumstances of the particular case.

The plaintiff in error cites the case of *Lowden v. Wilson,* 233 Ill. 340, as authority for the introduction of the evidence offered. This case recognizes the rule that statements made by an agent may be admissible in evidence against the principal, if they are a part of the *res gestae.* But such rule is subject to the qualification, that the statements sought to be introduced must constitute a part of the *res gestae* and be made at the time the transaction in question was being conducted (p. 348 of opinion). Plaintiff in error further cites the case of *Quincy Horse Ry. & Carrying Co. v. Gnuse,* 137 Ill. 264. Here the statements of the driver of the car, sought to be introduced, were made when the car had just stopped and while the boy was still under the car. They were properly held to be a part of the *res gestae* (p. 269 of opinion).

Under the authorities as announced in *Chicago & E. I. R. Co. v. Chancellor, supra; Chicago West Division Ry. Co. v. Becker,* 128 Ill. 545, 547, 548; *Cooke Co. v. Miller Brewing Co.,* 316 Ill. 46, 51, and *Boyd v. West Chicago St. R. Co.,* 112 Ill. App. 50, 51, we are of the opinion that the trial court did not commit error in its ruling with respect to the testimony offered.

The judgment is therefore affirmed.

*Judgment affirmed.*