Patricia Carroll, Plaintiff-Appellee, v. William Guffey, Defendant-Appellant.

Gen. No. 11,208.

Second District, Second Division.

February 18, 1959.

Released for publication March 7, 1959.

 

Foltz, Haye & Keegan, of Rockford (Thomas A. Keegan, of counsel) for defendant-appellant.

Robert R. Canfield, of Rockford, for plaintiff-appellee.

JUSTICE SOLFISBURG delivered the opinion of the court. .

This is an appeal from a judgment of the Circuit Court of Winnebago County, Illinois, in the sum of Two Thousand Two Hundred Dollars ($2,200) entered for the plaintiff on a verdict returned by a jury. The suit was one for personal injuries and property damage arising from an intersection collision.

The defendant urges upon this court two grounds for reversal: first, the admission of certain evidence, and second, the giving of Plaintiff's Instruction No. 6.

We shall limit our examination of the record to a recitation of those facts in evidence essential to an understanding of the questions presented for review. Plaintiff was driving her automobile in a southerly direction on Wyman Street in the City of Rockford, Illinois, near its intersection with Jefferson Street, a one-way street for westbound traffic. Wyman Street is a one-way street for southbound traffic to the south

of Jefferson Street, but it is a two-way street north of Jefferson Street. Both streets are forty-eight feet in width. Traffic at the intersection is controlled by conventional red, amber and green traffic stop and go lights. The plaintiff, going south on Wyman Street, stopped at Jefferson Street in response to a red light. Another car was abreast of her to the left. The defendant, travelling west on Jefferson Street, in the second lane from the north of four lanes of traffic, was approaching the intersection down an incline from a bridge. It was five o'clock in the afternoon, and traffic was described as heavy. When the light changed to green, plaintiff testified she and the car to her left proceeded into the intersection. The car to her left stopped a quarter of the way into the intersection, while plaintiff proceeded half way into the intersection whereupon her car and defendant's westbound vehicle collided. When both cars came to rest, they were in the southwest quadrant of the intersection.

Plaintiff charged that defendant was intoxicated and had driven his car through the intersection against a red light. The defendant denied having consumed anything of an alcoholic nature on the day in question. He testified that he was in a stream of moving traffic and that the light changed from green to yellow as he came even with the traffic lights. He proceeded across the intersection as did the car immediately ahead of him.

The only eye-witnesses who testified in court were the plaintiff and the defendant. Plaintiff and defendant had not been accompanied by any passengers. The testimony of neither party was corroborated. The plaintiff testified that while standing on the southwest corner of the intersection talking to the defendant and the policeman who had come to the scene, a man and woman came up and said they saw the accident. Certain testimony of the plaintiff that followed was objected to by defendant as hearsay and consti-

tutes his principal claim that reversible error was committed. The trial court admitted the following evidence over defendant's objection:

Counsel for Plaintiff: Will you tell the Jury what was said in the presence of Mr. Guffey and the hearing of Mr. Guffey?

Counsel for Defendant: If this is a conversation of somebody else, then I am going to object to it on the ground of hearsay.

Counsel for Plaintiff: It is in his presence.

The Court: I will let her answer as to what was said even in the presence of Mr. Guffey.

A.: Well, this man and woman were standing there and said they had seen it, they had put money in the meter and were facing the corner and seen Mr. Guffey come through the intersection. And they said to the policeman he was coming very fast, there was no brake mark where he tried to stop, and he hit the car and she had the green light and they said he did not attempt to stop.

Counsel for Defendant: I object to this, Your Honor, I want the record to show I object to that testimony.

The Court: Let the record so show.

Counsel for Plaintiff: What, if anything, did Mr. Guffey say then when this witness said that or this person said that?

A.: Mr. Guffey tried to deny it, naturally.

Counsel for Defendant: There we go again.

The Witness: I don't use the word naturally?

The Court: No, that isn't it at all. You characterize it, you said Mr. Guffey tried to deny it. Did he deny it?

The Witness: Yes.

It is defendant's position that this evidence was hearsay in that it plainly was adduced to prove the truth of the matters asserted by the unidentified couple, the strangers making the statement were not called to testify nor even identified, and that no opportunity

473

was afforded to cross-examine the strangers to determine the basis of their knowledge or whether they actually observed the condition of the traffic light and the automobiles involved. It should be pointed out that defendant categorically denied that any man and woman came up or that anyone made any such statement after the occurrence. Neither plaintiff nor defendant was corroborated in their contrary testimony concerning this alleged sequel following the collision.

Plaintiff maintains that the evidence objected to was elicited for the purpose of proving defendant's intoxication; that, in addition, the conversation was admissible, first, as constituting an admission against interest on the part of defendant and, secondly, as part of the *res gestae.*

Turning first to plaintiff's contentions, it seems obvious that the evidence objected to had nothing whatever to do with proving that defendant was under the influence of intoxicating liquors. Counsel for plaintiff cites cases for the proposition that conversations with a person alleged to be intoxicated are admissible on the issue of intoxication. Without questioning that proposition, it is sufficient to observe that no conversation with defendant here could have any probative value, one way or the other, on the question of Mr. Guffey's intoxication. Furthermore, this evidence was not admissible as an admission against interest. According to plaintiff's testimony, the unidentified man and woman in the presence of defendant placed responsibility for the collision on the defendant, but the plaintiff also testified that the defendant denied the assertion made by these same two persons. Under such circumstances it can hardly be claimed that defendant, by silence or otherwise, admitted liability for the collision or in any way acquiesced in the statements of the strangers. Therefore, cases such as Hatcher v. Quincy Horse Ry. & Carrying Co., 181 Ill. App. 30, and

474

Mamer v. Lussem, 65 Ill. 484, relied upon by plaintiff, are not in point, for in those cases the party failed to deny the assertions made against him in his presence by another and was deemed by his silence to have thereby made certain tacit admissions or acquiesced in the statement of another. By plaintiff's own testimony that is not true in the instant case.

■ We cannot agree with plaintiff that this challenged testimony falls within the so-called *res gestae* rule. Although text writers and commentators (for example, 6 Wigmore on Evidence, § 1767, 3rd Ed.) have criticized the phrase *res gestae,* nevertheless it signifies a principle of the law of evidence in this State as well as other states which is quite well settled. More correctly, the rule is that where a remark is made spontaneously and concurrently with an affray, a collision or the like, it carries with it inherently a degree of credibility and will be admissible in evidence because of its spontaneous nature. This exception to the hearsay rule finds its justification in the consideration that in the stress of nervous excitement the reflective faculties do not have an opportunity to function and the utterance is the unreflecting and sincere expression of the speaker's actual impressions and belief. Plainly, such a rule of evidence need be applied with care if self-serving declarations or other testimony of doubtful reliability is not to be received, and reviewing courts in Illinois have painstakingly defined what statements are part of the *res gestae.* In Baier v. Selke, 211 Ill. 512, 518, the Supreme Court of Illinois pointed out:

"A declaration made concurrently with the act and constituting a part of the *res gestae* is admissible in evidence, but where it is a mere narration in regard to a transaction already past, it does not bind the principal and cannot be proved."

475

This Court observed in Johnson v. Swords Co., 286 Ill. App. 377, 379, 380:

". . . The rule also is that the *res gestae* generally remains with the *locus in quo* and does not follow the parties about after the principal act is completed. . . . Usually the interval between the statement and the exciting cause of which it is deemed a natural and, to a certain extent, an inevitable form of expression is brief. If it has ceased to be spontaneous, it then falls back into the general class of narratives and thus becomes improper. . . ."

■ Where declarations are not concurrent with the injury or uttered contemporaneously with it so as to be regarded as a part of the principal transaction, they are not properly admissible. If a declaration is made after the injury has been received and is merely narrative of what has taken place, it cannot be considered part of the *res gestae,* Chicago West. Div. R. Co. v. Becker, 128 Ill. 545; Frederick v. Industrial Commission, 329 Ill. 490.

■ The declarations here of the two passers-by were not made concurrently with the collision or uttered contemporaneously with it so as to constitute part of the principal transaction. The statements of the unidentified couple were made obviously some time after the collision and were only narrative of what, according to their statement, had taken place. The conclusion is inescapable that the testimony objected to was clearly not part of the *res gestae.*

■ It is hardly necessary to cite authority for the proposition that the statement of the unidentified couple was hearsay and inadmissible as evidence unless it falls within some exception to the hearsay rule. Since the statement was neither a tacit admission against interest nor part of the *res gestae,* it follows that the testimony objected to was not admissible. The only occurrence witnesses were the two parties to the action. This testimony on the vital issues in the case

was definitely harmful to the defendant and its reception was prejudicial to him. The defendant's objection to the testimony was timely, and we cannot say that admission of the testimony was harmless error.

The defendant has also assigned as error the giving of Plaintiff's Instruction No. 6. However, the conclusion which we have reached makes it unnecessary for us to pass upon this point.

For the reasons set forth above, the judgment of the Circuit Court of Winnebago County, Illinois, must be reversed and the cause remanded for a new trial.

Reversed and remanded.

WRIGHT, P. J. and CROW, J., concur.