ALLAN D. PERKINS, Plaintiff-Appellee, *v.* PAUL J. CULVER, Defendant-Appellant—(JOHN A. DURBIN, Defendant-Appellee.)

(No. 70-122; )

Third District—May 3, 1971.

Edward Keefe, of Rock Island, for appellant.

John V. Patton, of Moline, and Katz, McAndrews, Durkee & Telleen, of Rock Island, (Peter C. Fieweger, of counsel,) for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff-Appellee, Allan Perkins, brought suit for personal injuries sustained in an automobile collision. He joined as Defendants, John Durbin, the driver of the vehicle in which he was a guest passenger, and against whom he alleged wilful and wanton misconduct and Paul Culver, the driver of the other vehicle involved, whom he alleged to have been negligent. The co-defendants cross-claimed against each other for personal injuries and property damage.

At the close of plaintiff's evidence, there having been offered by plaintiff no evidence of Durbin's wilful and wanton misconduct, the court dismissed the plaintiff's complaint against defendant, John Durbin. The cause thereafter proceeded to verdicts on December 10, 1969, in favor of the plaintiff against defendant, Culver, in the amount of $65,000 and in favor of the defendant, John Durbin, on his cross demand against Culver in the amount of $5,000, and against Culver on his cross demand. Judgments were entered on these verdicts and a subsequent post trial motion for new trial was denied.

On this appeal defendant-appellant, Culver, has argued the judgments against him in favor of Durbin and Perkins are erroneous. Culver has made no assignment of error concerning the judgment against him on his counterclaim. Perkins likewise has not appealed from the directed verdict against him on his action against Durbin.

The collision occurred March 22, 1968, in front of Mack's Phillips "66" gasoline service station located on the westerly side of U.S. Rt. No. 150 about one mile north of Coal Valley, Illinois. Durbin, with Perkins and one

Ronald Snyder as passengers, had been at the Coal Valley Gun Club, a tavern, and were proceeding northerly on Rt. 150 toward Moline. Culver had been at the gas station and was proceeding from the private service station driveway onto the highway.

The facts surrounding the occurrence of the collision between the Durbin vehicle and the Culver vehicle are substantially in dispute but an outline of the divergent testimony should suffice. According to Durbin, shortly after he passed the brink of a hill south of the filling station entrance he saw Culver's vehicle come out of the filling station and head across the highway in a north-easterly direction blocking both lanes of the highway. Durbin applied his brakes, veered to the left or into the southbound lane of the highway but was unable to avoid the collision, the right front of his vehicle striking the left rear section of Culver's vehicle.

According to Culver as he was leaving the filling station he saw Durbin's vehicle approaching from the south but rather than crossing the highway he testified he turned north staying on the shoulder of the highway or at most occupying a foot or two of the southbound lane.

It was Durbin's contention that the Culver vehicle was blocking both lanes at a time Culver could not enter upon the highway safely. It was Culver's contention that he at no time entered the northbound lane and if Durbin had stayed in his own proper lane of travel no collision would have taken place.

Durbin and Culver were the principal witnesses to the events resulting in the collision. Perkins, a passenger in the Durbin vehicle and the initial plaintiff in this action, suffered amnesia and had no recollection of the events of the day. Testimony of investigating officers concerning debris, point of impact, skid marks, *etc.*, was presented as well as the testimony of the filling station operator.

It was defendant Culver's theory that Durbin was driving while under the influence of liquor, in violation of the statute; that plaintiff, Perkins, knew or should have known of Durbin's impaired condition when he became a passenger in his auto; that Durbin's intoxication contributed to the accident and that neither Durbin nor Perkins were in the exercise of due care.

On appeal defendant Culver argues the trial court erred in rulings on evidence and the evidence is insufficient to support the verdicts against him.

In his case in chief Culver called Durbin as an adverse witness under Section 60. Durbin was questioned regarding the occurrence and the events preceding it. He generally detailed his conduct and that of Perkins as well as other fellow Deere & Company employees starting at about 11:30 that morning. The group visited two taverns, playing pool,

ate and drank beer and were on their way back to Moline at the time of the collision. During this examination of Durbin under Section 60, Perkins' counsel asked Durbin the following questions, "Q. At the hospital, did you have conversations with Paul Culver? A. No, sir. Q. Isn't it a fact that while you were at the hospital, you did talk to Paul Culver and his wife and their friends and tell them the accident was your fault and that you had been drinking too much? A. No, I wouldn't say something like that when it was his fault". Defendant's counsel objected to the latter part of the answer because not responsive which objection was overruled by the court. At the close of plaintiff Perkins' case Durbin's motion for directed verdict was granted and Perkins' cause of action based on the wilful and wanton misconduct of Durbin was dismissed.

In his case in chief Culver, together with his wife and other witnesses present at the time, testified concerning conversations with Durbin at the hospital which took place one and a half hours after the collision. According-ing to Culver and the other witnesses Durbin admitted that he had been drinking too much and that the collision was his fault. When each of the witnesses was questioned concerning those conversations, counsel for plaintiff Perkins objected to such testimony because so far as Perkins was concerned such testimony was hearsay (Perkins was not present at the time). The trial court sustained the objections so far as the testimony applied to the case of Perkins against Culver but permitted the testimony to stand in the actions of Culver against Durbin and Durbin against Culver. It is these rulings on the evidence which defendant Culver argues constitute reversible error.

On this appeal it is defendant Culver's theory that the testimony re-garding Durbin's statements in the hospital was admissible in his defense of Perkins' claim. According to Culver such statements were admissible either as excited utterances, part of the *res gestae* or as impeachment of Durbin's testimony elicited by and for the benefit of plaintiff Perkins.

■■■ With respect to defendant's first theory that such testimony was independently admissible as an excited utterance it is our opinion there is no merit to such contention. The cases cited by defendant, *Perkins v. Chicago Transit Authority*, 60 Ill.App.2d 431, 208 N.E.2d 867, *Carroll v. Guffey*, 20 Ill.App.2d 470, 156 N.E.2d 267 and *People v. Poland*, 22 Ill.2d 175, 174 N.E.2d 804, discuss this exception to the hearsay rule. The rule as applied in such cases offers no support for defendant's contention and in fact supports the view that the statements of Durbin do not fall within the exception. As observed in *Carroll v. Guffey, supra,* "Where declarations are not concurrent with the injury or uttered contemporaneously with it so as to be regarded as a part of the principal transaction, they are not properly admissible. If a declaration is made after the injury has been

received and is merely narrative of what has taken place, it cannot be considered part of the res gestae". See also *People v. Jackson,* 9 Ill.2d, 484, 138 N.E.2d 528, holding a statement of victim one hour after his injury improperly admitted under this exception to the hearsay rule. While no particular period of time is specified in the exception the supposed independent credibility attached to the exception does require the absence of a period during which reflection could occur. In the case at bar at least an hour and a half elapsed before the statements attributed to Durbin were made in the hospital and they therefore can not be regarded as part of the occurrence.

This brings us to defendant's contention that the extra judicial statements were admissible to impeach Durbin's testimony. In our opinion defendant's argument is well taken and the testimony could and should have been admitted for such purpose.

Both the problem and the effect of the trial court's ruling is intimately related to the considerations which arise from multiple causes of actions and multiple parties. However defendant's position is greatly weakened by his failure to clearly establish in the trial court his reason for justifying the admission of the proffered testimony. The record reveals the defendant simply presented the out of court statements as admissions against interest and hence independent evidence of causation.

There is no question but that such extra judicial statements of Durbin were admissible in the actions between Durbin and Culver and it well may be surmised, absent any specification in the record to the contrary, that defendant had accomplished his tactical purpose by introducing such testimony to prove causation.

As stated earlier in this opinion Durbin was called as an adverse witness under Section 60 and inquiries made of him of prior conversations. Plaintiff Perkins now suggests in this court that because Durbin was a Section 60 witness he (Perkins) did not vouch for the veracity of the witness and therefore his impeachment was not a proper issue. Such a position is untenable and wholly disregards the purpose of Section 60 testimony. That the testimony of an adverse party called under Section 60 may be impeached by the party calling such witness is clear. This does not mean however other parties may not also impeach the testimony of such a witness. Unless the testimony of such adverse witness is impeached or contradicted by other competent evidence such testimony may have the same probative value as any other testimony. See *McGrath v. Rhode,* 130 Ill.App.2d, 596, 265 N.E.2d 511.

The question remains whether the erroneous direction to disregard such testimony was prejudicial requiring a new trial. In our opinion no reversible error was committed.

As indicated testimony regarding Durbin's possible extra judicial statements was admitted in the *Durbin–Culver* cases. Such testimony reflected evidence of causation and by necessary implication included the credibility and reliability of the witness Durbin. Since the jury found in favor of Durbin on his claim against appellant, Culver, it can only be concluded that notwithstanding contrary evidence the jury resolved the issues of causation and credibility in favor of Durbin compelling us to believe that no prejudice resulted to Culver from the court's ruling. Had the jury found against Durbin and his claim a different question would have been presented.

As outlined earlier the testimony of Durbin and Culver regarding the operation of their respective vehicles just prior to the collision is completely irreconcilable. The account of each is corroborated to some extent by the physical evidence and testimony of disinterested witnesses. To the extent that the jury may have delivered the corroborating evidence in support of Durbin's account more persuasive it well could be the jury believed Culver's negligence caused the injuries even if Durbin did in fact make the admissions charged against him.

■■■ Defendant Culver also objects to the court's ruling regarding that part of Durbin's testimony quoted above in which he referred to the collision as being Culver's fault. Such statement was we believe incompetent and should have been striken as being an improper expression of opinion on an ultimate issue of the case. However we do not see how the jury could have been misled, confused or improperly influenced by such a remark since if Durbin had not believed the collision to be Culver's fault there would have been no litigation.

■■ Lastly defendant argues the evidence is insufficient to support the jury's verdict. Again we find no merit to this argument. Defendant's contention is based almost wholly on his assertion that Durbin's testimony ought to be disregarded as a matter of law. That Durbin's testimony might be the subject of conflicting and contradictory inferences does not render it inherently improbable and unworthy of belief. It was the jury's province to resolve the favorable and unfavorable aspects of his testimony. *Guthrie v. Van Hyfte*, 36 Ill.2d 252, 222 N.E.2d 492. For the foregoing reasons the judgments of the Circuit Court of Rock Island County are affirmed.

Judgments affirmed.

ALLOY, P. J., and SCOTT, J., concur.