NORMAN SCHALL *et al.*, Plaintiffs-Appellants, *v.* WILBUR FORREST, Defendant-Appellee.—LINDA L. CURTIS, Indiv. and as Adm'r of the Estate of Daniel C. Curtis, Deceased, Plaintiff-Appellant, *v.* WILBUR FORREST, Defendant-Appellee.

Fourth District   Nos. 13672, 13696 cons.

Opinion filed August 22, 1977.

Livingston, Barger, Brandt, Slater & Schroeder, and Thomson, Thomson, Zanoni & Flynn, both of Bloomington (William R. Brandt and Chester Thomson, of counsel), for appellants.

Costigan & Wollrab, of Bloomington, for appellee.

Mr. JUSTICE KUNCE delivered the opinion of the court:

Plaintiffs Norman Schall, Curtis Fauth, and Linda L. Curtis, individually and as administrator of the estate of Daniel C. Curtis, appeal a jury verdict for defendant Wilbur Forrest for personal injury and wrongful death arising out of a multivehicle accident during the evening

of October 30, 1972, in McLean County, Illinois. Judgments on verdicts returned for numerous plaintiffs against Stanley Tipsord are not before us on this appeal.

On the date in question, defendant Wilbur Forrest was driving a semi-trailer truck in the south (eastbound) lane of traffic on Illinois Route 9, a two-lane highway. Approaching him from the east was a semi-truck followed by a pickup truck driven by Stanley Tipsord, an auto driven by Larry Dietz, and finally a vehicle in which Norman Schall drove with passengers Curtis Fauth, James Arnold and Daniel Curtis. Forrest testified that, as he passed the westbound semi, he observed a set of headlights move from the westbound lane into his lane about 100 to 150 feet away. Forrest set both the foot and the hand brake and his truck started to move to the right when the collision occurred in Forrest's lane. Larry Dietz testified that the Tipsord pickup truck went over the center line into the eastbound lane and that when the collision occurred, defendant Forrest's truck was entirely in his own lane and the Tipsord vehicle was four feet over the center line. According to Dietz, the accident happened so fast that Forrest's vehicle did not have time to do anything.

The force of the collision with the Tipsord truck tore off the left front tire and rim of the Forrest truck and ripped away the tie rod linkage, destroying the vehicle's steering. After the Forrest truck was struck, it started to cross the road into the westbound lane. Forrest attempted to turn the truck to the right but was unable to do so. He testified that from the moment of the first collision with the Tipsord vehicle, he had no control over his unit. The left front wheel of his vehicle separated, striking the Dietz vehicle. The Forrest truck then crossed over the center line behind Dietz and was struck on the right side in the westbound lane by the Schall vehicle.

Mr. Tipsord did not remember seeing cars ahead of him or behind him at the time of the occurrence and specifically did not remember following a semi-truck in the westbound lane. He recalled driving down the highway and then observing a large truck in front of him immediately before the collision. He did recall that there was nothing to obstruct his vision as he drove down the highway and that his speed was 50 to 55 m.p.h. In his pretrial discovery deposition, Tipsord had maintained that the collision took place in his lane of traffic. At trial, however, he testified that he had no idea if the Forrest semi-truck was in the westbound lane at the time of the collision. Tipsord characterized the impact as a left front fender to left front fender collision.

Plaintiffs first argue that the trial court erroneously excluded the following written statements by Forrest: "If I swung to south shoulder I might have avoided Tipsword [sic]"; "If I had swung hard right I could have avoided the crash with coaches [sic] [Schall's] car"; and "I think

Tipsword [*sic*] mostly at fault." The trial court excluded the three statements at issue because they were conclusions. Forrest's statement of the accident was read to the jury with the three statements omitted. However, the court admitted into evidence a similar statement from Forrest in the same document which was, "I didn't think to swing right, just kept straight ahead." The written document was signed by Forrest.

■■ Although courts grant wide latitude in construing statements as admissions, what does or does not constitute an admission is a matter of case-by-case analysis. *Cf. Gauchas v. Chicago Transit Authority* (1965), 57 Ill. App. 2d 396, 206 N.E.2d 752; *Vincent v. Wesolowski* (1967), 87 Ill. App. 2d 477, 232 N.E.2d 120.

■■■ In regard to the first two quoted statements above, it has been said that comments as to what "might" have occurred or "if" someone had done something, generally are not admissions. (31A C.J.S. Evidence §277 (1964).) However, a doctor's statement that as far as he was concerned, he may have been at fault, has been held as an admission. (*Asher v. Stromberg* (1966), 78 Ill. App. 2d 267, 223 N.E.2d 300.) In an auto accident case, it was an admission to say "I thought I could make it." (*Clifford v. Schaefer* (1969), 105 Ill. App. 2d 233, 245 N.E.2d 49.) The court erroneously excluded the first two quoted statements above. We find, however, that the error was harmless in light of the similar statement on swinging right from the same document by Forrest which the court admitted. The jury, therefore, had before it the possibility that Forrest either could have or should have swung right. The exclusion of the testimony was harmless error because it would have been merely cumulative. *Saputo v. Fatla* (1975), 25 Ill. App. 3d 775, 324 N.E.2d 34.

■■■ The third statement is not an admission. A statement that is a legal conclusion is not an admission. (*Harris v. Minardi* (1966), 74 Ill. App. 2d 262, 220 N.E.2d 39.) A party's reference to another person as being the one at fault is not an admission. Such a statement is incompetent as an improper expression of opinion on the ultimate issue of the case. (*Perkins v. Culver* (1971), 131 Ill. App. 2d 881, 269 N.E.2d 333. See also McCormick, Evidence §264 (2d ed. 1972).) The adverb "mostly" does not change this result.

Even if the third quoted statement above were an admission, the failure to admit it was harmless error because, on the record before us, the statement would not have changed the outcome of the suit. *State Bank of Arthur v. Sentel* (1973), 10 Ill. App. 3d 86, 293 N.E.2d 444.

Plaintiffs next argue that Forrest was guilty of negligence which proximately caused the accident. Forrest testified at trial that he was driving about 50 m.p.h. Before impact, Forrest was holding the truck to the right of the road (12 to 15 inches south of the center line) and driving straight. When the impact occurred, the truck veered to the right, and he

tried to steer right. After the impact with Tipsord, Forrest continued to try to turn right, but the steering wouldn't respond. Forrest denied making the statement, "I didn't think to swing right, just kept straight ahead." Furthermore, Forrest was asked if he ever attempted to take the shoulder and he replied, "Yes, but there wasn't time, it happened in a split second." Forrest was also asked if there was any reason why he didn't pull off to the right instead of holding straight, and he responded that the incident happened too quickly.

Forrest was a plaintiff against Tipsord at the trial below. The jury awarded him $618.50 against Tipsord. It is clear that the jury considered the matter of Forrest turning to the right and found that he was not contributorily negligent. The jury was consistent in its findings which were not against the manifest weight of the evidence.

The plaintiffs' final contention alleging prejudicial closing argument of counsel is without foundation and does not merit consideration.

For the reasons stated, the decision of the trial court is affirmed.

Affirmed.

GREEN, P. J., and MILLS, J., concur.