No. 3--01--0856

IN THE 

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2002

BARBARA ZARAGOZA, 
) Appeal from the Circuit Court

) of the 14th Judicial Circuit

Plaintiff-Appellee,
 ) Rock Island County, Illinois

) 

v. ) 

 
 ) 

TRACY EBENROTH,
 ) 
No. 99--LM--1012

) 

Defendant-Appellant 
 ) 

) 

(Deb Arnold and Joshua Keehn, ) Honorable

) Mark A. Vandeweile,

Defendants). ) Judge Presiding.

JUSTICE HOMER delivered the opinion of the court:

Plaintiff Barbara Zaragoza sued defendants Tracy Ebenroth, Deb Arnold, and Joshua Keehn for negligence and violation of the Illinois Animal Control Act (510 ILCS 5/1 
et
 
seq
. (West 2000)) after sustaining injuries during a dog attack.  The jury returned a verdict for plaintiff against defendants Ebenroth and Keehn in the amount of $12,110.13.  The jury found in favor of defendant Arnold.  Only defendant Ebenroth appeals the jury verdict.  We affirm.

BACKGROUND

Zaragoza was riding her bicycle in rural Port Byron, Illinois.  As she pedaled by Arnold’s house, Ebenroth (Arnold’s daughter) was watching four dogs: Ebenroth’s black Labrador retriever, Arnold’s two black Labrador retrievers, and Keehn’s Rottweiler.  Before Ebenroth could react, the dogs chased Zaragoza.  One of the dogs bit Zaragoza on the buttocks causing her to fall to the ground and to injure her shoulder.  Ebenroth was able to restrain the dogs before they attacked Zaragoza any further.  Ebenroth then drove Zaragoza to her home.  At the time of the attack, Arnold was in Michigan and Keehn was inside Arnold’s house.

Zaragoza initially filed a complaint against Ebenroth alleging violations of the Illinois Animal Control Act (the Act) (510 ILCS 5/1 
et
 
seq
. (West 2000)).  In her first amended complaint, Zaragoza added Arnold and Keehn as defendants and alleged negligence and violation of the Act against each of them.  After Zaragoza filed her second amended complaint, the court granted Arnold’s motion for summary judgment as to the count of negligence. 

The parties engaged in arbitration, but defendants rejected the arbitrator’s decision.  Before the case proceeded to trial, the court defaulted Keehn because he failed to answer the complaint and failed to appear before the court.  

During trial two issues arose which are the subject of this appeal.  First, the trial judge barred Arnold from providing hearsay testimony indicating that Keehn’s dog had previously bitten Keehn’s father in the buttocks.  Second, Zaragoza, over the defense’s objection, was allowed to introduce an evidence deposition given by Doctor Laura Davies, which provided evidence with regard to the injuries Zaragoza sustained.  At the conclusion of the jury trial, the jury verdict held Ebenroth and Keehn liable for $12,110.13 in damages but determined that Arnold was not liable for any damages.  The jury verdict forms revealed that the jury determined that Arnold was not an owner of a dog that attacked Zaragoza, whereas Ebenroth was an owner of a dog that attacked Zaragoza.  Subsequent to the jury verdict, only Ebenroth filed a notice of appeal.

ANALYSIS

On appeal, Ebenroth argues that the trial court abused its discretion by excluding certain portions of Arnold’s testimony as hearsay.  Ebenroth also contends that the court abused its discretion by admitting the deposition of Dr. Davies.  

1. Hearsay Testimony

The trial court’s decision to bar testimony will be overturned only if it amounts to a clear abuse of discretion.  See 
Boatmen’s National Bank of Belleville v. Martin
, 155 Ill. 2d 305, 314, 614 N.E.2d 1194, 1198-99 (1993).  In this instance, Arnold’s offer of proof revealed that she was going to testify that after the incident, Keehn told her that his dog had a history of biting his father’s buttocks.  The trial judge sustained Zaragoza’s objection to the hearsay testimony.

Ebenroth argues that Arnold’s testimony should have been permitted as a party admission.  For Arnold’s testimony to be admissible, Keehn must have been a party opponent, he must have made an admission, and the testimony must have been reliable.  See 
People v. Cruz
, 162 Ill. 2d 314, 374-75, 643 N.E.2d 636, 665 (1994) (stating that admissions are admissible when made by a party opponent);
 
Vojas v. K mart Corp.
, 312 Ill. App. 3d 544, 547, 727 N.E.2d 397, 400 (2000) (indicating that any statement made by a party or on his behalf that is relevant to a trial issue may generally be admitted into evidence as an admission by a party opponent); 
In re Marriage of L.R.
, 202 Ill. App. 3d 69, 83, 559 N.E.2d 779, 788 (1990) (concluding that when certain statements lack sufficient indicia of reliability, application of an exception to the general rule against hearsay is not warranted).
   

Although Keehn failed to appear and default was entered against him, he remains a party to the suit.  See 59 Am. Jur. 2d Parties §7 (1987).  We must now determine whether Keehn is a party opponent to Arnold.  In 
Cruz
, 162 Ill. 2d at 374-75, 643 N.E.2d at 665, our supreme court held that "[r]elevant admissions of a party *** are admissible when offered by the opponent as an exception to the hearsay rule."  Arnold and Keehn were potential adverse parties since the effect of Arnold’s testimony implicated Keehn’s dog as the aggressor and suggested that she and possibly her daughter were not to blame for Zaragoza’s injuries.  Thus, although Arnold and Keehn are both defendants, they qualify as party opponents.

Next, whether a statement constitutes an admission is assessed on a case-by-case basis.  
Schall v. Forrest
, 51 Ill. App. 3d 613, 615, 366 N.E.2d 1111, 1113 (1977).  Generally, courts grant wide latitude in construing statements as admissions.  
Schall
, 51 Ill. App. 3d at 615, 366 N.E.2d at 1113.  Keehn’s apparent statement that his dog bit his father on the buttocks previous to the incident at bar is relevant evidence.  While this evidence is not a clear admission that Keehn’s dog bit Zaragoza, it certainly reveals that Keehn’s dog may have had a propensity to do so and that Keehn was aware of this propensity.  

Finally, we consider the reliability of the testimony.  Exceptions to the hearsay rule control only when the subject testimony is so reliable and trustworthy that the statement’s reliability outweighs its hearsay nature.  See 
In re Marriage of L.R.
, 202 Ill. App. 3d 69, 83, 559 N.E.2d 779, 788 (1990).  Statements to be admitted pursuant to a hearsay exception must possess certain indicia of reliability and provide a satisfactory basis for evaluating the truth of the prior statement.  
In re K.L.M.
, 146 Ill. App. 3d 489, 496, 496 N.E.2d 1262, 1267 (1986).  Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception.  
In re K.L.M.
, 146 Ill. App. 3d at 496, 496 N.E.2d at 1267.  While reliability can be inferred where the evidence falls firmly within a hearsay exception, reliability is not automatically assumed.  See 
In re K.L.M.
, 146 Ill. App. 3d at 496, 496 N.E.2d at 1267.  In this case, the indicia of reliability of Arnold’s testimony is harmed by the fact that Arnold is Ebenroth’s mother.  Arnold’s testimony could not be verified to any degree and the trial court had no means to determine the truth of the hearsay statement.  In such a circumstance we cannot conclude that it was an abuse of discretion for the trial court to keep the testimony from the jury.  

2. Deposition Evidence

Zaragoza’s counsel took the evidence deposition of Dr. Davies three days before trial.  Ebenroth’s attorney 
received notice of the deposition and was present for the deposition.  However, Zaragoza did not acquire leave of court to take the deposition.  At trial when Zaragoza wished to read the deposition into evidence, Ebenroth objected based on Supreme Court Rule 222(f)(3) (166 Ill. 2d R. 222(f)(3)).  The rule states:

“No evidence depositions shall be taken except pursuant to leave of court for good cause shown.  Leave of court shall not be granted unless it is shown that a witness is expected to testify on matters material to the issues and it is unlikely that the witness will be available for trial, or other exceptional circumstances exist.  Motions requesting the taking of evidence depositions shall be supported by affidavit.  Evidence depositions shall be taken to secure trial testimony, not as a substitute for discovery depositions.”  166 Ill. 2d R. 222(f)(3).

Generally, a valid affidavit for Rule 222(f)(3) purposes would show that the witness is expected to testify on matters material to the issues and it is unlikely that the witness will be available for trial, or other exceptional circumstances exist.  However, Supreme Court Rule 212(b) obviates the need for the affidavit to aver the unavailability of the deponent when the deposition is being taken of a physician or surgeon.  Rule 212(b) states:

“The evidence deposition of a physician or surgeon may be introduced in evidence at trial on the motion of either party regardless of the availability of the deponent, without prejudice to the right of either party to subpoena or otherwise call the physician or surgeon for attendance at trial.”  188 Ill. 2d R. 212(b).

While Rule 212(b) relieves the Rule 222(f)(3) requirement for showing the unavailability of a physician for trial, a party is still required to obtain leave of court to take an evidence deposition and support its motion with an affidavit stating that the physician-deponent is expected to testify to material issues in the case.  Therefore, Zaragoza violated Rule 222(f)(3) by failing to obtain leave of court to take Dr. Davies’ evidence deposition supported by the required affidavit.  As a result, we must determine whether the trial court erred in admitting the deposition at trial.

This court will reverse the trial court’s judgment on the admissibility of evidence only if the trial court abused its discretion.  
Carillo v. Ford Motor Co.
, 325 Ill. App. 3d 955, 966, 759 N.E.2d 99, 108 (2001).  In this instance, Dr. Davies had been disclosed as a witness and her medical records were provided in discovery.  Zaragoza contends that the trial court did not abuse its discretion by allowing the deposition to be read to the jury since Ebenroth was able to cross-examine Dr. Davies during the deposition.  We agree.  Ebenroth was not unfairly prejudiced by the introduction of Dr. Davies’ deposition.  Dr. Davies was adequately cross-examined and the trial court correctly determined that the physician’s testimony was material to the issue of damages.  Consequently, the trial court did not abuse its discretion by admitting Dr. Davies’ deposition into evidence.

CONCLUSION

Based on the foregoing analysis, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

BRESLIN, and SLATER, JJ, concurred.